**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL BATTEN,

      Petitioner-Appellant,

v.

LARRY FIELDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 98-6326
(W. District of Oklahoma)
(D.C. No. 96-CV-1164)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The procedural history surrounding this appeal is important. On July 19, 1996, petitioner Michael S. Batten filed a *pro se* petition pursuant to 28 U.S.C. § 2254 challenging his 1992 Oklahoma convictions on constitutional grounds. On March 12, 1997, a magistrate judge issued a Report and Recommendation ("R&R"), recommending that Batten's petition be denied. Upon *de novo* review of those portions of the R&R objected to by Batten, the district court adopted the R&R and denied the petition on August 4, 1997. On July 31, 1998, almost one year later, Batten filed a notice of appeal.[1] On August 19, 1998, this court issued a show-cause order, ordering the parties to respond to the following question: "Whether the [July 31, 1998] notice of appeal was timely filed 30 days after entry of the district court's August 4, 1997 Judgment or was it filed nearly 11 months late?" In response to this order, Batten filed in the district court a Motion for Exception to File Out-of-Time Appeal. The district court denied the motion on September 28, 1998, holding as follows:

> Petitioner has filed a Motion for Exception to File Out-of-Time Appeal, requesting that this Court grant him permission to file

---

[1]Batten's notice of appeal was actually received in the district court on August 5, 1998. Nevertheless, because Batten "certified" that his notice of appeal was placed in the prison mail system on July 31st, the district court treated the notice of appeal as filed on the 31st. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for forwarding to the district court). It should be noted, however, that this distinction is irrelevant to the determination of this particular appeal.

a late appeal because he did not receive a copy of this Court's August 4, 1997, Judgment denying habeas relief until July 23, 1998. In support of his motion, he asserts that he notified the Court on September 9, 1997, of a change of address, and notified the Court on December 9, 1997, of a second change of address.

Pursuant to Fed. R. App. P. Rules 3 and 4(a)(1), an appeal must be filed within [30] days of the date of entry of the judgment. In the instant case, this would have been October 3, 1997. Pursuant to Fed. R. App. P. Rule 4(a)(6), the Court may grant an extension of 14 days to file a notice of appeal if the petitioner did not receive notice of the entry of judgment within 21 days of its entry, and no party would be prejudiced. However, the petitioner also must have filed a motion within 180 days of judgment or within seven days of the receipt of the notice of judgment, whichever is earlier. Fed. R. App. P. Rule 4(a)(6). Petitioner acknowledges that he "first knew of the denial" on November 7, 1997. Thus, he had until the earliest date of November 14, 1997 (seven days from date he received notice of entry of judgment) or January 1, 1998 (180 days from the entry of judgment)[2] to file the notice of intent to appeal. In the instant case, the earlier date is November 14, 1997. However, even assuming Petitioner did not receive notice of the judgment as contemplated by Rule 4(a)(6) until July 23, 1998 [the date Batten received an actual copy of the judgment denying habeas relief], the outer time limit of 180 days expired on January 1, 1998, and thus his Notice of Intent of Appeal, filed in this Court on August 5, 1998, and allegedly mailed on July 31, 1998, is untimely. Accordingly, Petitioner's motion requesting an out-of-time appeal is DENIED.

Finally, in response to the district court's order, Batten filed a *pro se* brief in this court on October 13, 1998, arguing both the merits of his underlying habeas

---

[2]The district court erred in calculating the 180-day time frame from the filing of the judgment. The January 1, 1998, cut-off date adopted by the district court is only 150 days from the entry of the August 4, 1997, judgment. The appropriate cut-off date is January 31, 1998. Because Batten filed his motion for extension on August 12, 1998, well after the proper cut-off date, the district court's computational error is irrelevant to this court's disposition of this appeal.

appeal and the propriety of the district court's denial of his motion to file an out-of-time appeal.

In light of this procedural history, it is clear that this court lacks jurisdiction to review the district court's August 4, 1997, Judgment denying Batten's § 2254 petition. The thirty-day deadline for the timely filing of a notice of appeal under Fed. R. App. P. 4(a)(1) expired on September 3, 1997. Batten's notice of appeal was filed in the district court on July 31, 1998, many months beyond the thirty-day deadline. The "taking of an appeal within the prescribed time is mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Furthermore, this court "lacks discretion to consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379-80 (1981). Inasmuch as Batten did not file his notice of appeal until almost one year after the district court's Judgment in this case, this court is without jurisdiction over the merits of the denial of Batten's § 2254 petition. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (holding that *pro se* appellants must comply with the requirements of the Federal Rules of Appellate Procedure that govern all litigants).

This court's conclusion that it is without jurisdiction to review the merits of the denial of Batten's § 2254 petition does not end the inquiry. As noted above, Batten filed in the district court a motion for order granting an exception to file

an out-of-time brief pursuant to Fed. R. App. P. 4(a)(6) on August 12, 1998.  The district court denied Batten's Rule 4(a)(6) motion by written order on September 28, 1998.  On October 13th, within thirty days of the entry of the district court order denying Batten's Rule 4(a)(6) motion, Batten filed a brief in this court which discusses the denial of the Rule 4(a)(6) motion.  Treating that brief as the functional equivalent of a notice of appeal, *see Smith v. Barry*, 502 U.S. 244, 248-49 (1992), this court has jurisdiction over the district court's September 28, 1998, Order denying Batten's Rule 4(a)(6) motion.  Upon review of the parties' briefs and contentions on appeal and the district court's September 28th Order, this court finds no reversible error and affirms for substantially those reasons set out in the September 28th Order.

For those reasons set out above, Batten's appeal of the district court's August 4, 1997, denial of Batten's § 2254 petition is **DISMISSED** for lack of appellate jurisdiction.  The district court's denial of Batten's Rule 4(a)(6) motion is **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-5-