**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALFONSO PEDRAZA,

      Defendant-Appellant.

No. 06-2113
(D.C. Nos. CIV-96-0737 JP/LCS and
CR-90-285 SC)
(D.N.M.)

---

**ORDER**

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

This matter is before the court on Alfonso Pedraza's latest appeal in a long string of challenges to his 1991 conviction for conspiracy to possess with intent to distribute cocaine. In this case, Mr. Pedraza appeals the district court's denial of his motion to reopen a previous order denying a Fed. R. Civ. P. 60(b) motion for relief from this Court's order affirming the district court's denial of Mr. Pedraza's 28 U.S.C. § 2255 petition for a writ of habeas corpus. We construe Mr. Pedraza's appeal as an application for a certificate of appealability ("COA"). Because Mr. Pedraza has failed to make a substantial showing of the denial of a constitutional right, we **DENY** a COA and **DISMISS** his application.

Mr. Pedraza's current argument had its genesis in his filing of a § 2255 habeas petition in 1996. This motion was denied by the district court and, operating within a limited COA, we affirmed this judgment. United States v. Pedraza, 216 F.3d 1089 (Table), 2000 WL 702372 (10th Cir. May 26, 2000). Several months later, Mr. Pedraza filed a motion with the district court pursuant to Rule 60(b)(6), seeking relief from the denial of his § 2255 habeas petition. The district court denied this motion in an October 2002 order, citing Tenth Circuit precedent that "Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America, 962 F.2d 1528, 1534 (10th Cir. 1992) Over a year later, in December 2003, Mr. Pedraza filed in this Court a belated notice of appeal from the district court's denial which we construed as a request for a COA.[1] Finding that the district court's denial of his Rule 60(b)(6) motion violated no constitutional right, we denied his request in a May 2004 order.

In November 2005, Mr. Pedraza filed yet another motion to reopen the district court's October 2002 order, arguing that Gonzalez v. Crosby, 545 U.S. 524 (2005) implicitly overruled the Tenth Circuit authority the district court had

_____

[1]In the interim, Mr. Pedraza had not been idle. After the time for appeal of the district court's October 2002 order expired, he filed a motion to reopen the time for appeal at the district court and, when that motion was denied, a Rule 59(e) motion for reconsideration of the denial, which was also denied.

relied upon in dismissing his earlier Rule 60(b)(6) motion. The district court construed this motion as another Rule 60(b) motion and denied it, holding that Gonzalez was inapplicable and that Tenth Circuit precedent still prevented the court from granting relief under Rule 60(b) from a judgment which had already been affirmed. Mr. Pedraza then filed a Rule 59(e) motion seeking alteration or amendment of the district court's denial, which the district court also denied. Mr. Pedraza filed notice of his appeal from this district court order in April 2006, thus bringing the instant case before this Court.

We will construe Mr. Pedraza's appeal as an application for a COA. See Spitznas v. Boone, 464 F.3d 1213, 1218 (10th Cir. 2006) ("[W]e conclude that a COA is required to appeal from the denial of a true Rule 60(b) motion."). To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Pedraza argues that the district court's denial of his first Rule 60(b) motion, and this Court's affirmance, violated his constitutional right to due process because these decisions were based on findings not supported by the record.[2] These claims, however, are identical to those brought by Mr. Pedraza in his original Rule 60(b) motion and for which he sought a COA in his December 2003 appeal to this Court. We denied his COA

_____

[2]Specifically, Mr. Pedraza argues that the district court relied on an erroneous finding of fact that his counsel was unaware of an error in a call log introduced as evidence at trial, and that this Court erroneously assumed that the jury at the trial was provided with audio tapes of certain phone conversations, rather than transcripts of those conversations.

application at that time, noting — as had the district court — that Rule 60(b) may not provide relief from a judgement that has been affirmed on appeal "except in extraordinary situations." United States v. Pedraza, No. 03-2178, slip op. at 3 (10th Cir. May 19, 2004) (quoting Colorado Interstate Gas Co., 962 F.2d at 1534). Since Mr. Pedraza demonstrated no "extraordinary circumstances," we concluded that the district court's denial of his motion did not violate his constitutional rights. Id.

Subsequent to our original denial of a COA on the Rule 60(b) motion, the United States Supreme Court issued Gonzalez v. Crosby, which delineated the difference between genuine Rule 60(b) motions in habeas proceedings and those which should instead be treated as second or successive habeas petitions subject to the stringent requirements of 28 U.S.C. § 2244. 545 U.S. 524, 125 S.Ct. 2641 (2005). Mr. Pedraza reads Gonzalez for a different proposition, however, arguing that it requires district courts, when faced with a genuine Rule 60(b) motion in a habeas proceeding, to determine the merits of that motion without regard to whether the challenged judgment has been affirmed on appeal. Thus, according to Mr. Pedraza, Gonzalez effectively overruled the rule from Colorado Interstate Gas Co. which the district court and this Court relied upon to deny his post-appeal Rule 60(b) motion.

We cannot, however, agree with Mr. Pedraza's reading of Gonzalez. While Gonzalez sets out important rules for distinguishing between Rule 60(b) motions

- 4 -

and second or successive habeas petitions, it provides no guidance as to how a district court should proceed once it determines that a petitioner's motion is, in fact, a genuine Rule 60(b) motion, beyond simply noting that the district court may "allow[] the motion to proceed as denominated." 125 S.Ct. at 2648. In interpreting Gonzalez, this Court has been slightly more specific: "If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion." Spitznas, 464 F.3d at 1217.

We conclude, therefore, that Gonzalez in no way affects Tenth Circuit precedent that "Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." Colorado Interstate Gas Co., 962 F.2d at 1534; cf. Watson v. Ward, 404 F.3d 1230, 1232 (10th Cir. 2005) ("[A] Rule 60(b) motion should not be a substitute for an appeal . . . ."). Since Mr. Pedraza's motion sought to use Rule 60(b) in precisely this manner, without demonstrating any extraordinary circumstances, we conclude that the district court did not violate his constitutional rights by denying the motion. As a result, we **DENY** a COA and **DISMISS** his application.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge