Leonardo **RODRIGUEZ–MORA**,
Plaintiff-Appellant,

v.

John R. **BAKER**, U.S. Marshal,
Defendant-Appellee.

No. 85–5437
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 7, 1986.

Leon B. Kellner, U.S. Atty., Martha Fleetwood, Asst. U.S. Atty., Miami, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

CORRECTED OPINION

PER CURIAM:

Rodriguez-Mora, a federal prisoner, appeals from the judgment of the district court dismissing his suit against John Baker, a deputy U.S. marshal. Because the complaint fails to state a cause of action even when measured against the liberal pleading requirements afforded a pro se complaint, we affirm.

Plaintiff filed a pro se complaint in SD Florida. The full statement of his claim was:

Plaintiff was deprevied [sic] of personal property at Dade County C.C. [Correctional Center] 7 Dec. 82; property was later put into custody of Defendant Baker. Plaintiff's full property was not restored to him. Ring of the Plaintiff was not returned; valued by him at $10,000. Plaintiff's Fourth Amendment Rights were violated by the action of the Plaintiff [sic], whether intentional or negligent.

The court referred the case to a magistrate, who recommended that it be dismissed for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(d). He construed Rodriguez-Mora's complaint as alleging violations of his Fourth Amendment right to be free from unreasonable searches and seizures, of his Fifth Amendment right not to be deprived of property without due process of law, and a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. The magistrate rejected all three contentions. His recommendations to the court stated that the Fourth Amendment claim failed because as a federal prisoner Rodriguez-Mora did not have an "expectation of privacy" under *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). He set out that Rodriguez-Mora had failed to state a claim of deprivation of due process because the FTCA provides him with an adequate post-deprivation remedy, and thus the claim was barred by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Finally, the recommendations concluded that the complaint could not proceed under

the FTCA because plaintiff had failed to exhaust his administrative remedies. For these reasons the magistrate recommended that the court dismiss the complaint under 28 U.S.C. § 1915(d) for lack of subject matter jurisdiction. The district court followed this recommendation.

■ The invocation of 28 U.S.C. § 1915(d) was inappropriate. By its terms this section only applies to proceedings in forma pauperis. Rodriguez-Mora, although proceeding pro se, paid the required filing fee. This does not, however, require a remand, because it is clear that the complaint did not state a claim upon which relief could be granted.

We will not dismiss a pro se complaint unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Even under this loose pleading standard, dismissal was correct.

■ As the magistrate noted, there are three possible bases of relief that might fit the allegations in the complaint. The possible Fourth Amendment claim must be dismissed. We do not, however, rest our decision on *Hudson v. Palmer.* There the Supreme Court was faced with a claim that the plaintiff's Fourth Amendment rights had been violated by a search of his prison cell, and the Court held that the prisoner did not have a reasonable expectation of privacy in his cell. We need not explore the application of *Hudson* to activities that occur within prison walls yet outside of a prisoner's cell. In his brief to this court Rodriguez-Mora has attached a copy of a receipt for his ring, which reveals that it was taken pursuant to a routine inventory search. Such a search is constitutional. *See Illinois v. LaFayette,* 462 U.S. 640, 646, 103 S.Ct. 2605, 2609, 77 L.Ed.2d 65 (1983) ("[I]t is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed.").

Thus, Rodriguez-Mora has not stated a claim based on a violation of the Fourth Amendment.

Turning to the Fifth Amendment claim, we must decide whether the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and its progeny apply to the Fifth Amendment due process clause. In this line of cases the Court was addressing alleged violations of the Fourteenth Amendment due process clause. *See, e.g., Logan v. Zimmerman Brush,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), *Hudson v. Palmer, supra.* Nothing in the cases themselves suggests that the Court intended to limit their reach to deprivations inflicted by a state or its officials, and we find compelling reasons for applying them to cases brought under the Fifth Amendment.

■ The Court's reasoning seems to us not confined to cases brought under Fourteenth Amendment due process. The main thrust of these cases is that where it is impracticable for the state to provide predeprivation process and if the person who has been deprived of property can obtain full compensation for his deprivation, he has received all process that he is due. *Parratt,* 451 U.S. at 541, 101 S.Ct. at 1916; *Logan,* 455 U.S. at 435–37, 102 S.Ct. at 1157–59; *Hudson,* 104 S.Ct. at 3203, 82 L.Ed.2d at 407. In focusing on the practicability of predeprivation process, the Court in *Parratt* relied on cases deciding the constitutionality of federal procedures. *See Parratt,* 451 U.S. at 539, 101 S.Ct. at 1914 (discussing *Ewing v. Mytinger & Casselberry, Inc.,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950), *Fahey v. Mallonee,* 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947), and *Bowles v. Willingham,* 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892 (1944)). That the Court thought these cases informed its view of the Fourteenth Amendment due process clause suggests that in this area the reaches of the Fourteenth and Fifth Amendments are coextensive.

Failing to apply *Parratt* to cases brought against the federal government and its officials would lead to anomalous results. A federal prisoner deprived of his property and having an available remedy could sue but a similarly situated state prisoner could not.

Accordingly, we hold that *Parratt v. Taylor* and its progeny apply with full force to cases brought under the Fifth Amendment due process clause. This comports with the decisions of other courts that have considered this issue. The Ninth Circuit in *Weiss v. Lehman,* 676 F.2d 1320, 1322 (9th Cir.1982), applied *Parratt* to a claim brought against the U.S. Forest Service. SD New York in *Azzi v. Levy,* No. 76 Civ. 5045–CSH, slip op. (Dec. 12, 1983), applied *Parratt* to a Fifth Amendment claim. *See also, Wagner v. Higgins,* 754 F.2d 186, 193 n. 1 (6th Cir.1985) (Contie, J., concurring): "*Parratt* applies to fifth amendment due process claims...." [1]

■ Turning to the facts of this case, we find that Rodriguez-Mora has not stated a cognizable claim under the Fifth Amendment.[2] His complaint alleges that Baker has failed to return his ring. This allegation sounds in procedural due process. Plaintiff alleges no facts in support of this claim. Dismissal of this claim was appropriate, however, because under no set of facts has Rodriguez-Mora stated a constitutional violation. If the ring was not returned because of Baker's negligence, there has been no unconstitutional depriva-

tion of property. *See Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation). If Baker intentionally refused to return the ring, plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available." 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to Rodriguez-Mora's complaint that it allege that Baker acted without authorization. If Baker was acting pursuant to authorization, his actions would be within the outer perimeter of his duties and would not have violated any clearly established constitutional right and therefore he would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that Baker was acting in bad faith outside the scope of his duties can it evade the doctrine of official immunity. If Baker was acting without authorization, the existence of a postdeprivation remedy under the FTCA will preclude the Fifth Amendment challenge.[3] There was no allegation that the relief provided by the FTCA is inadequate. Thus, construed as alleging a violation of the Due

---

1. *O'Rourke v. Smith,* 81 Civ. 6466–CBM, slip. op. (S.D.N.Y. Sept. 23, 1983), is not to the contrary. Although the court in that case refused to apply *Parratt* to a claim arising under the Fifth Amendment, its refusal was based on the court's belief that *Parratt* did not extend to intentional acts and the case involved such an act. The Supreme Court later rejected this contention in *Hudson v. Palmer, supra.* The court in *O'Rourke* nowhere indicated that it thought *Parratt* was inapplicable to Fifth Amendment claims.

2. Rodriguez-Mora asserts that he is able to bring this claim as a *Bivens* action. *See Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1981). Because of our disposition of the case we do not consider whether viola-

tions of procedural due process are actionable under *Bivens.*

3. This decision is not in conflict with *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). There the Court held that the existence of the FTCA does not preclude a *Bivens* action under the Eighth Amendment, that Congress intended the FTCA to supplement and not supplant *Bivens* actions. In other words, once a plaintiff alleges a constitutional violation normally actionable under *Bivens,* the existence of the FTCA is not necessarily a bar to the suit. Here, in contrast, we hold that the plaintiff has not alleged a constitutional violation. Thus, the predicate for the decision in *Carlson,* a constitutional claim actionable under *Bivens,* does not exist in this case.

Process Clause of the Fifth Amendment, the complaint fails to state a claim.

The last possible claim that might be found in the complaint is that plaintiff is suing under the FTCA because of the actions of Baker. This fails at the threshold because the government is not a party.[4]

AFFIRMED.

---

**4.** Moreover, the complaint indicates that plaintiff initiated administrative proceedings but did not await their outcome. Accordingly, he failed to exhaust his administrative remedies, a prerequisite before initiating an FTCA suit. *See Busch v. U.S.*, 703 F.2d 491, 493 (11th Cir.1983).