UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/12/96**

JAMES BURTON-BEY,

    Plaintiff-Appellant,

       v.

UNITED STATES OF AMERICA; W. SCOTT, Warden, USP Leavenworth; T. HOSTMEYER, Correctional Officer, USP Leavenworth,

    Defendants-Appellees.

No. 96-3241
(D.C. No. 95-3169-RDR)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff James Burton-Bey appeals the district court's order granting summary judgment in favor of defendants on his Bivens and Federal Tort Claims Act (FTCA) claims. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While in custody at the U.S. Penitentiary in Terre Haute, Indiana, Burton purchased a dark blue Dallas Cowboys cap through approved prison channels. Subsequent to this purchase, the Bureau of Prisons had adopted a regulation prohibiting the issuance or sale of dark blue or black clothing items to prisoners. Burton was transferred to the U.S. Penitentiary in Leavenworth, Kansas, and prison officials there confiscated the cap after inventorying his personal property. After an aborted administrative remedial action, plaintiff filed an administrative claim for damages under the FTCA, 29 U.S.C. § 2675(a), which was denied. He then initiated this action, alleging his cap had been confiscated in violation of his Fifth Amendment procedural due process rights, and seeking damages under the FTCA.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment should be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995).

## I. Bivens claim.

Plaintiff claims defendants deprived him of property without due process of law, in violation of the Fifth Amendment. His claim is based on the assumption that a procedural due process claim can form the basis of a Bivens action. This assumption is open to question. In Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held a violation of the Fourth Amendment "by a

federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." Plaintiff had no reasonable expectation of privacy giving rise to a Fourth Amendment claim. See Hudson v. Palmer, 468 U.S. 517, 522-29 (1984).

The Supreme Court has extended Bivens to actions for violations of the equal protection component of the Fifth Amendment Due Process Clause. Davis v. Passman, 442 U.S. 228 (1979). However, not all due process violations provide a basis for a Bivens action. See Schweiken v. Chilicky, 487 U.S. 412, 429 (1988). Whether a Bivens action exists for a given constitutional violation must be decided on a case-by-case basis. See Beattie v. Boeing Co., 43 F.3d 559, 564 (10th Cir. 1994). However, we need not reach the issue of whether Bivens should be extended to plaintiff's procedural due process claim because we conclude plaintiff suffered no violation of his rights under the Fifth Amendment Due Process Clause for which he could recover if such an action were recognized.

Neither a claim that defendants acted negligently nor a claim that defendants acted intentionally and without authority can provide plaintiff with an actionable Bivens claim. If defendants failed to issue the cap to plaintiff as a result of their negligence, there would be no unconstitutional deprivation of property. See Daniel v. Williams, 474 U.S. 327 (1986) (negligence of federal agent resulting in property loss not constitutional deprivation). Plaintiff also claims defendants acted beyond their authority in intentionally retaining his cap. Unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. See Hudson, 468 U.S. at 533; Rodriguez-Mora v. Baker, 792 F.2d 1524,

1527 (11th Cir. 1986). If defendants were acting without authorization, as plaintiff claims, the FTCA would provide a post-deprivation remedy, permitting an action for conversion under Kansas law, the adequacy of which plaintiff does not contest.

Finally, if defendants were acting pursuant to governing regulations, as the district court found, the availability of post-deprivation remedies would be immaterial. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982) (post-deprivation remedies inadequate where deprivation of property caused by conduct pursuant to established procedure). However, in such a case, defendants' actions "would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit." Rodriguez-Mora, 792 F.2d at 1527.

Whether defendants acted negligently, intentionally and without authority, or pursuant to governing regulations, plaintiff could make no claim for a violation of his due process rights. Defendants were entitled to summary judgment on plaintiff's Bivens claim.

## II.  Federal Tort Claims Act claim.

Kansas law recognizes an action in conversion for "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." Watkins v. Layton, 324 P.2d 130 (Kan. 1958). The FTCA permits the United States to be held liable for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Conversion claims are permitted

-4-

under the FTCA. <u>See</u> 28 U.S.C. § 2680(h).

Defendants' refusal to issue plaintiff's cap after inventorying his personal property and confiscation of the cap were not unauthorized. Bureau of Prisons regulation P.S. 5580.03 provides: "Inmates shall not be issued or permitted to purchase any clothing items which are dark blue or black." 5580.03(5)(b). "Contraband includes material prohibited . . . by regulation." 5580.03(6)(a). "Staff shall seize any item in the institution which has been identified as contraband." 5580.03(7)(a). The regulation also provides for circumstances in which a transferred inmate cannot retain personal property: "Personal property permitted in the sending institution, but not in the receiving institution, shall either be retained at the sending institution or be mailed to a destination of the inmate's choice." 5580.03(9)(c). Plaintiff was offered the option of sending the cap to an address of his choice. Defendants were entitled to summary judgment on plaintiff's FTCA claim.

Plaintiff's request to proceed in forma pauperis on appeal is DENIED and this appeal is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
