**In re Joseph Paul MARCHESSAULT, Debtor.**

**Jack F. Durie, Jr., Plaintiff,**

**v.**

**Joseph Paul Marchessault, Defendant.**

**Bankruptcy No. 6:08–bk–02174–ABB.**
**Adversary No. 6:08–ap–00124–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 6, 2009.

Jack F. Durie, Jr., Orlando, FL, pro se.

Joseph Paul Marchessault, Ocoee, FL, pro se.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the: (i) Motion for Rehearing/Reconsidera-

tion and Motion for Appointment of Public Defender (Doc. No. 65) and the Amended Motion for Rehearing/Reconsideration, Renewed Motion to Disqualify the Judge, and Motion for Appointment of Attorney (Doc. No. 67) filed by the Plaintiff Jack F. Durie, Jr.; and (ii) the Defendant's Notice of Appeal (Doc. No. 66) filed by the Defendant Joseph Paul Marchessault.

A Memorandum Opinion and Judgment were entered on September 11, 2009 (Doc. Nos. 61, 62) (collectively, "Judgment") awarding Plaintiff partial judgment on his Complaint pursuant to 11 U.S.C. Section 523(a)(2)(A). The parties seek various relief regarding the Judgment.

### Plaintiff's Motion (Doc. No. 65)

Plaintiff filed a Motion on September 22, 2009 requesting: (i) appointment of an "appellate public defender" due to Plaintiff's financial situation; (ii) disqualification of the undersigned Judge; and (iii) reconsideration of the Judgment. He does not seek appeal of the Judgment pursuant to Federal Rule of Bankruptcy Procedure 8002(a) or request an extension of the appeal period pursuant to Federal Rule of Bankruptcy Procedure 8002(c). He has paid no appeal filing fee.

■ The requested relief is due to be denied. Public Defenders are appointed to defend indigent defendants in criminal cases. Bankruptcy proceedings are civil, not criminal, proceedings and Plaintiff is not an indigent defendant in a criminal matter. Plaintiff's request for disqualification of the undersigned Judge is a reiteration of previous motions made by Plaintiff which were denied by the Memorandum Opinion.

■ Plaintiff cites no legal basis for reconsideration of the Judgment. His request for reconsideration appears to be a

motion for reconsideration pursuant to Federal Rule of Civil Procedure 59, which is applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023. A motion for reconsideration "must be filed no later than 10 days after *the entry* of the judgment." FED. R. CIV. PRO. 59(b) (*emphasis added*). The ten-day period began running upon the entry of the Judgment, not service, and the three-day mailbox extension of Federal Rule of Bankruptcy Procedure 9006(f) is inapplicable.

The ten-day filing deadline of Rule 59 expired on September 21, 2009, which was a Monday and not a legal holiday. FED. R. BANKR.P. 9006(a); *In re Fisher*, No. 08–15342–SSM, 2009 WL 2971581, at *5 n. 10 (Bankr.E.D.Va. Sept. 11, 2009). The Motion was filed on September 22, 2009 and is untimely. Plaintiff, were the Motion to be construed as a motion filed pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, has not established a basis for relief from the Judgment.

■ To the extent Plaintiff requests in the Motion's concluding paragraph an extension of the Rule 59 and Rule 60 deadlines, the request is due to be denied.[1] The Court may not extend the time for filing Rule 59 and Rule 60 motions. FED. R. BANKR.P. 9006(b)(2).

### Plaintiff's Amended Motion (Doc. No. 67)

Plaintiff's Amended Motion is an expanded repetition of his original Motion and includes a request he be appointed "an attorney" rather than a Public Defender. The relief requested in the Amended Mo-

---

1. The Plaintiff states at page 11 of the Motion: "The Plaintiff needs several more days to amend this filing but needs to get it filed right away in order to comply with any deadlines, without waiving the filing of such a motion. So it will be amended later in the week."

tion is due to be denied for the reasons set forth hereinabove.

 Plaintiff has established no basis for the appointment of counsel to represent him. Bankruptcy Courts, as Article I Courts, are not authorized to appoint counsel to represent indigent parties. 28 U.S.C. § 1915(a); *United States v. Kras,* 409 U.S. 434, 440, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (holding 28 U.S.C. Section 1915 is not available in proceedings before a Bankruptcy Court); *see also Bowman v. White,* 388 F.2d 756, 761 (4th Cir.1968) (holding the appointment of counsel in a civil matter pursuant to 28 U.S.C. Section 1915 is discretionary; "It is a privilege and not a right.").

### *Defendant's Notice of Appeal*

 Defendant filed on September 23, 2009 a Notice of Appeal (Doc. No. 66) of the Judgment. Bankruptcy Rule 8002(a) provides: "The notice of an appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR.P. 8002(a). The ten-day filing deadline is mandatory and jurisdictional. *Advanced Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1323 (11th Cir.1996) (*quoting Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). Intermediate Saturdays, Sundays and legal holidays are not excluded from the ten-day period. FED. R. BANKR.P. 9006(a).

 The service of the Judgment on the parties by mail through the Bankruptcy Noticing Center does not entitle the parties to additional time. *In re Griffey,* No. 09–CV–54–LRR, 2009 WL 1582916, at *1 (N.D.Iowa June 4, 2009). "It is well established through case authority that Bankruptcy Rule 9006(f) does not apply to the ten-day appeal period of Bankruptcy Rule 8002(a)." *Gibson v. Schimmels (In re Schimmels),* 85 F.3d 416, 420 n. 4 (9th Cir.1996). "[T]he time for appeal starts to run from the entry of the order and no service of the order or notice of its entry is necessary to start the running of that time." *Goff v. Pfau,* 418 F.2d 649, 654 (8th Cir.1969). "It is the litigant's affirmative duty to monitor the court's docket." *Brown v. Zarek,* No. 98–5097, 1998 WL 738340, at *1 (10th Cir. Oct. 22, 1998).

 The ten-day filing deadline of Rule 8002(a) expired on September 21, 2009, which was a Monday and not a legal holiday. FED. R. BANKR.P. 9006(a). Defendant's Notice of Appeal was filed after the expiration of the ten-day period and is untimely. The appeal is due to be dismissed.

Defendant requests an award of sanctions against Plaintiff "for his extreme bully actions...." (Doc. No. 66, p. 2). The parties' requests for sanctions against each other were denied by the Judgment. Defendant has presented no basis for reconsideration of the denial of sanctions.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief requested by Plaintiff in his Motion (Doc. No. 65) and Amended Motion (Doc. No. 67) is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DECREED** that Defendant's Notice of Appeal (Doc. No. 66) of Docket Numbers 61 and 62 is untimely and is hereby **DISMISSED;** and it is further

**ORDERED, ADJUDGED and DECREED** that Defendant's request for sanctions (Doc. No. 66) is hereby **DENIED.**