FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

April 15, 2015

Blaine F. Bates
Clerk

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

IN RE MIRIAM ONYEABOR, also
known as Mariam Onyeabor, also
known as Myriam Onyeabor,

Debtor.

BAP No.     UT-14-047

MIRIAM ONYEABOR,

Appellant,

v.

CENTENNIAL POINTE PROPERTY
OWNERS' ASSOCIATION and LEBR
ASSOCIATES, LLC,

Appellees.

Bankr. No.   11-24746
Chapter    7

OPINION[*]

Appeal from the United States Bankruptcy Court
for the District of Utah

Before NUGENT, SOMERS, and JACOBVITZ, Bankruptcy Judges.

SOMERS, Bankruptcy Judge.

Debtor Miriam Onyeabor, *pro se*, appeals two bankruptcy court orders that
denied her requests to reconsider an order converting her Chapter 13 case to
Chapter 7.[1]  This is Debtor's second appeal attacking the conversion order that

---

[*]     This unpublished opinion may be cited for its persuasive value, but is not
precedential, except under the doctrines of law of the case, claim preclusion, and
issue preclusion.  10th Cir. BAP L.R. 8026-6.

[1]     The parties did not request oral argument, and after examining the briefs
and appellate record, the Court has determined unanimously that oral argument

(continued...)

was previously affirmed by this Court and the Tenth Circuit.[2]  In this appeal, Debtor claims the bankruptcy court erred by: 1) refusing to extend the time to file a motion under Federal Rule of Bankruptcy Procedure 9023[3] despite the court clerk's failure to comply with Rule 9022's mandate to immediately serve notice of the entry of an order denying reconsideration, 2) treating her motion as one under Rule 60 and denying relief on the ground the motion merely revisited previously rejected arguments, and 3) denying relief under Rule 60(b)(2), (b)(3) and (d)(3) on the ground the evidence Debtor presented was insufficient to show fraud on the court had occurred.  After carefully reviewing the record, we AFFIRM in part and DISMISS in part.[4]

## I. Factual Background

Detailed facts regarding the parties, their long litigation history, and the bankruptcy case were set forth in the opinions deciding Debtor's first appeal,[5] and will not be repeated here except as relevant to our analysis.

In 2004, Centennial Pointe Property Owners' Association (the "POA") and LEBR Associates, LLC ("LEBR") (collectively "Appellees") filed suit against

---

[1]  (...continued)
would not significantly aid in the determination of this appeal.  *See* Fed. R. Bankr. P. 8019(b)(3).  The case is therefore ordered submitted without oral argument.

[2]  *Onyeabor v. Centennial Pointe Owners Ass'n (In re Onyeabor)*, BAP No. UT-11-117, 2013 WL 819726 (10th Cir. BAP Mar. 6, 2013), *aff'd*, 535 Fed. App'x 725 (10th Cir. 2013).

[3]  All future references to "Rule" refer to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure; those denominated in a single or double digit are Civil Rules, and those denominated in the thousands are Bankruptcy Rules.

[4]  Debtor's Motion to Amend her appellate brief, filed on February 4, 2015, is GRANTED.

[5]  *Onyeabor*, 2013 WL 819726 at *1-10; *Onyeabor*, 535 Fed. App'x at 726-28.

-2-

Debtor in state court for unpaid POA assessments.[6]  In 2007, the state court granted judgment in favor of the POA only and awarded it $95,213.70 plus interest.  In 2010, the state court awarded the POA and LEBR jointly $7,916.11 for attorney's fees incurred to remove a lien Debtor wrongfully filed against LEBR's property.  Together, the 2007 and 2010 awards became liens on Debtor's property (the "Judgment Lien").

Debtor filed a voluntary Chapter 13 petition on April 5, 2011, and a Chapter 13 plan on April 21, 2011.  The plan proposed sixty monthly payments of $445 to the Chapter 13 Trustee and an unspecified monthly payment directly to several creditors (who are not parties to this appeal) holding mortgages against Debtor's commercial and residential properties.  The plan drew objections from the Chapter 13 Trustee, the Salt Lake County ("SLC") Treasurer, and Appellees, who had jointly filed a proof of claim asserting secured claims totaling $385,097.07 (POC #7).[7]  The Trustee complained about missing information, procedural violations, and improper deductions.  The SLC Treasurer objected to the lack of a plan provision to pay for prepetition property taxes.  Appellees asserted Debtor's plan was infeasible and filed in bad faith.

Appellees also filed a motion under 11 U.S.C. § 1307(c) to dismiss or convert the case to Chapter 7.  Debtor filed an objection to POC #7, contesting whether the claim was secured and nondischargeable, whether the POA and LEBR had standing to file it, and whether there was sufficient substantiation of the

---

[6]  LEBR was a member of the POA who advanced funds to the POA to cover Debtor's unpaid assessments, which Debtor has not paid since 2002.

[7]  That sum included the Judgment Lien, accrued interest, unpaid POA assessments postdating the period covered by the Judgment Lien, and costs for insurance, utilities, maintenance, repair, and collection accrued since July 30, 2010.

amount owed in excess of the Judgment Lien.[8]

On October 6, 2011, the bankruptcy court held a hearing on the motion to dismiss or convert and on Debtor's objection to POC #7. The bankruptcy court granted the motion to convert and declared Debtor's objection to POC #7 to be moot (the "Conversion Order"). Specifically, the bankruptcy court found that: 1) the plan made no provision for payment of the Judgment Lien or unpaid prepetition property taxes, 2) Debtor's income was insufficient to support her plan or even to pay the Judgment Lien, 3) although Debtor's case had been pending for six months, she had not addressed the Trustee's objections or made any effort to amend the plan, 4) Debtor's bankruptcy filing was motivated by a desire to avoid paying the POA and LEBR, 5) Debtor failed to articulate any potentially feasible plan, 6) the plan was filed in bad faith, and 7) Debtor's objection to POC #7 was moot in light of the conversion.

Shortly thereafter, Debtor sought reconsideration of the Conversion Order, arguing that the POA was not properly represented by counsel in the bankruptcy proceedings (the "First Motion"). The bankruptcy court held another hearing and denied the motion, finding that the POA was a legal entity and represented by counsel. The court also pointed out that even if LEBR was not entitled to advance claims in the bankruptcy proceeding, the POA was a judgment creditor entitled to do so with respect to at least a minimum of $95,000 of the Judgment Lien, which Debtor agreed was a secured claim. The court further stated it was not the proper place to litigate Debtor's contention that LEBR's principals, the "Railes," had "hijacked" the POA by directing and controlling its actions in the bankruptcy case despite the fact that LEBR had sold all of its Centennial Pointe property before Debtor filed her bankruptcy petition.

---

[8] *See Onyeabor*, 535 Fed. App'x at 727 (Tenth Circuit's summary of Debtor's Objection to POC #7).

-4-

Debtor appealed the Conversion Order and the order denying reconsideration of that order to this Court, which affirmed the bankruptcy court's decisions.[9]  Debtor then appealed the BAP decision to the Tenth Circuit, which likewise affirmed.[10]

On April 7, 2014, two and a half years after the bankruptcy court decided to convert Debtor's case and six months after the Tenth Circuit affirmed that decision in her first appeal, Debtor filed a Rule 60(b) motion to set aside the Conversion Order and for a new trial, claiming she had discovered new evidence that proved the law firm of Cohne, Rappaport, & Segal ("CRS") was not authorized to represent the POA and had therefore committed a fraud on the court (the "Second Motion").[11]  Appellees objected to the motion.[12]  On June 17, 2014, the bankruptcy court held a hearing at which Debtor appeared, and orally denied the Second Motion, concluding:  1) Debtor could have obtained the new evidence years earlier, 2) the new evidence did not clearly and convincingly show fraud or misrepresentations by CRS, 3) there was no evidence that the alleged fraud substantially interfered with Debtor's ability to fully and fairly prepare for trial, 4) the new evidence would not have produced a different result, 5) the motion was untimely for the claims under Rule 60(b)(2) and (b)(3), and 6) relief under Rule 60(d)(3) was not warranted.[13]  The court ordered Appellees' counsel to prepare an order that referenced its oral findings and conclusions.  Two days later, on June

---

[9]     *Onyeabor,* 2013 WL 819726.

[10]    *Onyeabor,* 535 Fed. App'x 725.

[11]    Partial Transcript of June 17, 2014 Hearing on Motion to Set Aside Orders ("June 17, 2014 Hr'g Tr.") at 27-28, *in* 2nd Amended Appellant's Appendix ("App.") at 168-69.  CRS was the attorney of record for both the POA and LEBR, who have jointly filed all pleadings in the bankruptcy case.

[12]    Neither a copy of the motion nor the objection to it was provided to us.

[13]    June 17, 2014 Hr'g Tr. at 27-33, *in* App. at 168-74.

19, 2014, the court entered a written order denying the Second Motion to set aside the Conversion Order (the "June 19 Order").[14]  Inexplicably, neither a copy of the June 19 Order nor notice of its entry was sent to Debtor until July 7, 2014, when she called the bankruptcy court clerk (the "Clerk") inquiring when the deadline to file a motion for rehearing under Rule 9023 began and expired.

On July 10, 2014, Debtor filed a motion to set the date she actually received notice of the June 19 Order as the determinative date when the time began to run for her to file a motion under Rule 9023 (the "Motion to Set Deadline").  On July 18, 2014, she filed a motion to set aside the June 19 Order based on the Clerk's failure to send her notice of the order's entry (the "Third Motion").[15]  On August 27, 2014, the court held a hearing on these motions and orally denied them, concluding that:  1) Rule 9006 prohibited the court from enlarging the time to file a motion under Rule 59, and 2) the Third Motion simply revisited arguments previously heard and rejected; thus relief under Rule 60(b) was inappropriate.[16]  The court entered a written order denying both the Motion to Set Deadline and the Third Motion on August 28, 2014 (the "August 28 Order").[17]  Debtor now appeals the August 28 Order and the June 19 Order.[18]

---

[14]  Order Denying Debtor's Motion to Set Aside the Order of October 12, 2011, *in* App. at 10-13.

[15]  Debtor did not provide us with a copy of this motion.

[16]  Partial Transcript of August 27, 2014 Hearing on Motions ("August 27, 2014 Hr'g Tr.") at 14-15, *in* App. at 134-35.

[17]  Order Denying Debtor's Amended Rule 59(e) Motion for Rehearing, *in* App. at 8.

[18]  Debtor's notice of appeal listed only the August 28 Order.  Notice of Appeal, *in* App. at 5-6.  Her appellate brief, however, stated that she was appealing the bankruptcy court's decision of June 17 and 19, 2014 as well as the August 28 Order. 2nd Amended Appellate Brief ("Appellant's Br.") at i, 1.

## II.    Appellate Jurisdiction and Standard of Review

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[19]  Debtor has timely filed a notice of appeal from the August 28 Order, which is a final order for purposes of appeal.[20]  The parties have consented to this Court's jurisdiction by not properly electing to have the appeal heard by the United States District Court for the District of Utah.[21]  This Court, therefore, has appellate jurisdiction over this appeal.  However, as explained below, Debtor's notice of appeal of the June 19 Order was not timely filed, so we do not have jurisdiction over her appeal of that order.

This Court reviews orders denying relief under Rule 59 or Rule 60(b) for an abuse of discretion.[22]  Under this standard, a trial court's decision will not be reversed unless its ruling is based on an erroneous conclusion of law or relies on clearly erroneous factual findings.[23]  Whether bankruptcy court proceedings have

---

[19]    28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002.

[20]    *In re Ewing*, Nos. UT-07-074, 05-29650, 2008 WL 762458, at *1 & n.4 (10th Cir. BAP Mar. 24, 2008) (order denying Rule 60(b) relief is final, appealable order, citing *Stouffer v. Reynolds*, 168 F.3d 1155 (10th Cir. 1999)).

[21]    28 U.S.C. § 158(c)(1);  Fed. R. Bankr. P. 8001(e) (*now at* Fed. R. Bankr. P. 8005, effective Dec. 1, 2014); 10th Cir. BAP L.R. 8001-1 (*now at* 10th Cir. BAP L.R. 8005-1, effective Dec. 1, 2014).  Debtor had requested the appeal be heard by the district court, but it was denied because her election was not filed separately from her notice of appeal as required by the rules that were in effect at that time.  *See Onyeabor v. Centennial Pointe Owners Ass'n*, BAP No. UT-14-047 (10th Cir. BAP Sept. 11, 2014) (Order Denying Election to U.S. District Court).

[22]    *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003) (order denying Rule 59(e) motion reviewed for abuse of discretion); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (denial of Rule 60(b) motion reviewed for abuse of discretion).

[23]    *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

violated a party's due process rights is a legal question reviewed *de novo*.[24]  *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision.[25]

## III.   Analysis

Debtor raises two issues in this appeal:  1) the bankruptcy court denied her due process when it treated the Third Motion as an untimely Rule 59 motion; and 2) the bankruptcy court erroneously denied the Second Motion by concluding she had failed to present sufficient evidence to establish under Rule 60(b)(2), (b)(3), and (d)(3) that the Conversion Order had been obtained by a fraud on the court. We begin our analysis with a review of the rules governing motions to reconsider and the enlargement of time to do a prescribed act.  We then address Debtor's arguments in the order she made them.

### A.   Motions to Reconsider in General

Motions to reconsider are not specifically mentioned in the Federal Rules of Civil or Bankruptcy Procedure.  The rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b).  Rule 59(e) and Rule 60(b) are made applicable to bankruptcy proceedings by Rules 9023 and 9024, respectively.[26]  Although they may overlap, these two rules are distinct.[27]

---

[24]    *State Bank v. Gledhill (In re Gledhill )*, 76 F.3d 1070, 1083 (10th Cir. 1996).

[25]    *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991).

[26]    We will refer to the type of reconsideration motion by the Civil Rule numbers, Rule 59 and Rule 60.

[27]    *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); 11 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2817 (3d ed. 2012) ("There is a considerable overlap between Rule 59(e) and Rule 60.").

Generally, which rule applies to a motion depends on when the motion is filed.[28] Rule 9023 states, "A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, *no later than 14 days after entry of judgment*."[29] In contrast, Rule 9024 adopts the time parameters of Rule 60(c)(1), which provides that a motion for relief from judgment must be filed within a reasonable time, and, for certain grounds, within one year after entry of the judgment. Ordinarily, if a motion to reconsider is filed within Rule 9023's time limitation, it is treated as a Rule 59(e) motion; if it is filed more than fourteen days after entry of judgment, it is treated as a motion under Rule 60(b).[30]

It is important to determine whether a motion for reconsideration is brought under Rule 59 or 60 because the former tolls the time to file an appeal, while the latter generally does not.[31] Generally, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment."[32]

---

[28] *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).

[29] Fed. R. Bankr. P. 9023 (emphasis added). Rule 9023 adopts Rule 59 but reduces the time for filing a motion for a new trial or a motion to alter or amend a judgment from twenty-eight to fourteen days, to conform to Rule 8002(a)'s deadline for filing a notice of appeal. *See* 2009 Advisory Committee Note to Rule 9023.

[30] *Price*, 420 F.3d at 1167.

[31] *See* Fed. R. App. P. 4(a)(4); Fed. R. Bankr. P. 8002(b). A Rule 60 motion filed within 14 days after the entry of the judgment, however, tolls the appeal time.

[32] *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995); *Van Skiver*, 952 F.3d at 1243 (motion construed as one pursuant to Rule 60(b) did not raise underlying judgment for appellate review); *In re Cruz*, 516 B.R. 594, 601 (9th Cir. BAP 2014) (when a motion for reconsideration under Rule 60(b) is filed within 14 days of entry of the underlying order, appellate court has jurisdiction to review both the underlying order and the order denying reconsideration.).

Common to both types of motions is Rule 6(b)(2), which prohibits a court from extending the time to file them. Rule 9006(b), patterned after Rule 6(b), governs the enlargement of time under the Bankruptcy Rules. Subsection (1) of Rule 9006(b) allows the court to enlarge the time for a party to act (such as by filing a motion) if the request for more time is made within the specified period and cause is shown. If the motion is made after the expiration of the specified time, the court may only enlarge the time where the failure to act was the result of excusable neglect.[33] Subsection (2), however, says that "[t]he court may not enlarge the time for taking action under Rules . . . 9023, and 9024."[34] Rule 9023 provides no exceptions to the fourteen-day rule. Thus, the bankruptcy court correctly concluded that Rule 9006 prohibited it from enlarging the time for Debtor to file a motion under Rule 59.[35]

Here, the June 19 Order was entered on June 19, 2014. The Third Motion was filed twenty-one days later. Thus, the bankruptcy court did not err in treating it as a motion under Rule 60.[36] If the bankruptcy court had not treated the Third Motion as a motion under Rule 60, it would have been denied as untimely.

**B.      The August 28 Order**

**1.     The bankruptcy court did not deny Debtor due process.**

Debtor contends that the bankruptcy court violated her due process rights when it rejected her request to cure the Clerk's failure to notify her of the entry of the June 19 Order and treat the Third Motion as a timely-filed Rule 59 motion.[37]

---

[33]     Fed. R. Bankr. P. 9006(b)(1).

[34]     Fed. R. Bankr. P. 9006(b)(2).

[35]     *See* August 27, 2014 Hr'g Tr. at 14, *ll.* 14-15, *in* App. at 134.

[36]     *See Van Skiver*, 952 F.2d at 1243 (motion filed after Rule 59(e) time limit expired must be construed as one under Rule 60).

[37]     Appellant's Br. at 12-16.

She argues that Rule 9022's provision that "[l]ack of notice of the entry does not affect the time to appeal" is inapplicable because she was not filing an appeal, but a motion for reconsideration.[38]  She also argues that her *pro se* and non-electronic court filing (ECF) statuses present unique circumstances that warrant treating her motion as timely.[39]  Finally, she argues that the bankruptcy court should have invoked Rules 6 and 26, as well as the bankruptcy court's equitable powers under § 105, to cure the notice deficiency.[40]  Debtor's arguments are unpersuasive.

First, we see no due process violation.  The Due Process Clause of the Fifth Amendment protects persons from the deprivation of "life, liberty, or property, without due process of law."[41]  There are two types of due process violations: procedural and substantive.  "Procedural due process ensures the [government] will not deprive a party of property without engaging in fair procedures to reach a decision, while substantive due process ensures the [government] will not deprive a party of  property for an arbitrary reason regardless of the procedures used to reach that decision."[42]

Debtor has alleged a procedural due process violation, which prompts a two-step inquiry:  1) whether the plaintiff has been deprived of a protected interest and 2) whether the procedures followed in depriving the plaintiff of that

---

[38]    Appellant's Br. at 15 ("This case does not concern appeal; the exception is inapplicable.").

[39]    *Id.* at 12-13.

[40]    *Id.* at 14-15.

[41]    U.S. Const. amend. V.  The Fifth Amendment applies to the federal government, of which the bankruptcy court is a part, and the Fourteenth Amendment applies to state governments, but case law under the Fourteenth Amendment can be applied to claims under the Fifth Amendment because the reach of both the Due Process Clauses is "coextensive."  *Walker v. R.J. Reynolds Tobacco Co.*, 734 F.3d 1278, 1287 (11th Cir. 2013) (*quoting Rodriguez–Mora v. Baker*, 792 F.2d 1524, 1526 (11th Cir. 1986)).

[42]    *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).

interest comported with the "due process of law."[43]  A constitutionally-protected property interest is a legitimate claim of entitlement to some benefit.[44]  A property interest is more than an abstract need or desire or a unilateral expectation.[45]  Property interests are not created by the federal constitution, but rather are created and defined "by existing rules or understandings that stem from an independent source such as state law —  rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[46]  Debtor argues that Rule 9022's mandate that the Clerk shall immediately serve notice of the entry of a judgment or order gave her a right to notice.  But protected interests are substantive rights, not rights to procedures.[47]  "[A]n entitlement to nothing but procedure cannot be the basis for a liberty or property interest."[48]  Accordingly, we conclude that Debtor's right to notice under Rule 9022 of the entry of a judgment is not an interest protected by the Due Process Clause.

Even if some constitutionally-protected property interest were found to exist, the procedures the bankruptcy court followed were sufficient.  Due process is satisfied when the "notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[49]  The nature of the

---

[43]     *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).

[44]     *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

[45]     *Id.*

[46]     *Id.*

[47]     *Elliot,* 675 F.3d at 1245.

[48]     *Stein v. Disciplinary Bd.*, 520 F.3d 1183, 1192 (10th Cir. 2008) (brackets and internal quotation marks omitted).

[49]     *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

proceeding determines the type of notice and hearing required.[50]  The proceeding at issue was a motion to alter or amend under Rule 59.  The bankruptcy rules clearly provide notice to litigants about how to seek relief under Rule 59.  *Pro se* litigants are obliged to know and follow court rules.[51]  Additionally, parties to litigation have an affirmative duty to monitor the docket for their case to inform themselves of entry of orders they may wish to appeal, whether it be by filing a Rule 59 motion or a notice of appeal.[52]  Rule 9023 clearly states that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment."  Rule 9006(b)(2) makes it clear that this time may not be enlarged.  Debtor knew that the bankruptcy court had denied the Second Motion.  She was present at the June 17 hearing, fully aware that a written order would follow shortly, and that the rules required action within 14 days.[53]  It was incumbent on Debtor to monitor the docket for the entry of the order so she would know when she should start counting the 14 days.  Debtor, however, waited twenty days after the June 17 hearing to call the Clerk to inquire when she should start counting the 14 days.

Rule 9022(a) supports this result.  Rule 9022(a) warns that lack of notice of the entry of a judgment does not affect the time to appeal.  Even though Rule

---

[50]     *Id.* at 314-15.

[51]     *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[52]     *See Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir. 1994) (parties have affirmative duty to monitor dockets to inform themselves of entry of orders they may wish to appeal); *Brown v. Zarek,* No. 98-5097, 1998 WL 738340, at *1 (10th Cir. Oct. 22, 1998); *Durie v. Marchessault (In re Marchessault)*, 416 B.R. 898, 899 (Bankr. M.D. Fla. 2009).

[53]     August 27, 2014 Hr'g Tr. at 12, *ll.* 3-7, *in* App. at 133 ("Ms. Onyeabor: Well, what had happened was I didn't know what date to — there's a 14 day gap in which I was going to file for rehearing and I didn't know when to start counting because when I called them on the 7th that was the first time they emailed me the order.").

9022's "does not affect" provision only references the time to appeal, the advisory committee note to that rule's correlative Civil Rule (Rule 77) explains that "[n]otification by the clerk is merely for the convenience of litigants" and warns that it is "unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment" as a ground to excuse an untimely filing.[54]  "[C]ourts have repeatedly held that failure to receive notice of the entry of a judgment is not a defense to an untimely appeal because litigants have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal."[55]  We think it is reasonable to apply Rule 9022's "lack of notice of the entry does not affect the time to appeal" provision to the time to file a motion under Rule 59 because 1) Rule 9022 references Rule 8002, which lists matters that can affect the time to appeal, but the list does not include a lack of notice of the entry of the judgment, 2) Rule 8002 and Rule 9023 are analogous, both providing the same time limit (14 days) and the same triggering event (the entry of the judgment), and 3) litigants have a duty to monitor the docket in their case

---

[54]     The Advisory Committee Note to Rule 9022 states that "Subdivision (a) of this rule is an adaptation of Rule 77(d)" of the Federal Rules of Civil Procedure. The Advisory Committee Note (1946) to Rule 77(d) states that:

> [N]otification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. **Notification by the clerk is merely for the convenience of litigants**.  And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in Rule 73(a), the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice.  It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received.  **It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment. . . .**" (Emphasis added).

[55]     *Freeman v. Loomas (In re Loomas)*, BAP No. CO-13-17, 2013 WL 5615943, at *4 (10th Cir. BAP Oct. 15, 2013) (internal quotations and citations omitted).  *See also In re Delaney*, 29 F.3d at 518.

to determine when an appeal must be filed.[56]

In any event, Debtor was not denied any hearing on the Third Motion. Although Debtor lost the opportunity to seek relief under Rule 59 due to the Third Motion's untimeliness, she was given a meaningful opportunity to be heard under Rule 60. Because she was given a meaningful opportunity to be heard, there was no due process violation.

Second, Appellant's argument that her *pro se* and non-ECF statuses present unique circumstances justifying the extension of the time to file a Rule 59 motion is unavailing.[57] The so-called "unique circumstances" doctrine excuses an untimely appeal "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."[58] The judge must give a specific assurance concerning the timeliness of the postjudgment motion (*e.g.*, affirmatively state that the motion was timely or that it tolled the time period).[59] Whether this doctrine is available to excuse an untimely Rule 59 filing is uncertain.[60] We need not decide this question, however, because even if

---

[56] *See King v. Comm'r of Social Sec.*, 230 Fed. App'x 476, 478 (6th Cir. 2007) (clerk's failure to notify party of entry of judgment does not affect time to file motion under Fed. R. Civ. P. 59(e)).

[57] Appellant's Br. at 12.

[58] *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989). The Supreme Court adopted the "unique circumstances" doctrine in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962) (*per curiam*), applied it in *Thompson v. INS*, 375 U.S. 384 (1964) (*per curiam*), and narrowed it in *Osterneck*.

[59] *United States v. Garduño*, 506 F.3d 1287, 1292 (10th Cir. 2007); *see also In re Bond*, 254 F.3d 669, 674-75 (7th Cir. 2001) (assurance must go to timeliness of appellant's action); *Fruit of the Loom, Inc., v. Am. Mktg. Enters., Inc.*, 192 F.3d 73, 76-77 (2d Cir. 1999) (judge must give specific assurances concerning timeliness of postjudgment motion).

[60] In *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court rejected the unique circumstances doctrine in the context of jurisdictional rules, overruling

(continued...)

the doctrine is available, the facts here do not qualify as unique circumstances. The bankruptcy court made no specific assurances to Debtor that her time to file a Rule 59 motion would not begin to run until the Clerk gave notice of entry of the June 19 Order. The language in the June 19 Order instructing the Clerk to serve notice of its entry is insufficient to constitute such an assurance, a prerequisite to applying the unique circumstances doctrine.[61] *Pro se* and non-ECF statuses are not unique circumstances. Many litigants represent themselves. As the bankruptcy court advised Debtor, *pro se* status does not excuse a party's obligation to know and comply with the same rules that govern other litigants.[62]

Third, Debtor's reliance on Rules 6 and 26 is misplaced. Rule 26 is not applicable because it governs discovery and provides relief for discovery-related violations, not for violations of the notice requirement of Rule 9022. Rule 6 is also not applicable. In contested matters, Rule 9006 applies, not Rule 6.[63] Even if Rule 6 applied, like Rule 9006, it too explicitly states that a court may not

---

[60] (...continued)
*Harris Truck* and *Thompson*. The Court explained that generally, statutory-based filing periods are jurisdictional, while court-promulgated time limits are claim-processing rules. *Id.* at 210-13. The Court concluded that because Rule 4 of the Federal Rules of Appellate Procedure is a jurisdictional rule since it carries a statutory time limit into practice, the unique circumstances doctrine cannot be used to excuse an untimely notice of appeal. *Id.* at 214. Prior to *Bowles*, the Tenth Circuit treated Rule 59 as a jurisdictional rule. *Watson v. Ward*, 404 F.3d 1230 (10th Cir. 2005) (concluding courts lack jurisdiction to consider untimely Rule 59(e) motions). The Tenth Circuit has not yet decided whether Rule 59 is a jurisdictional or a claim-processing rule in light of the Supreme Court's recent decisions making such a distinction. *Martinez v. Carson*, 697 F.3d 1252, 1258 n. 1 (10th Cir. 2012).

[61] *See In re Bond*, 254 F.3d at 674-75 (single sentence in order stating that "[the first] motion [to reopen appeal] is moot and that if she continues in her position that these cases should be reopened, she must file a new motion" did not constitute type of specific assurance that triggers unique circumstances doctrine).

[62] *Garrett*, 425 F.3d at 840.

[63] *See* Fed. R. Bankr. P. 9014(c) (identifying applicable rules to contested matters).

enlarge the time to file a motion to alter or amend a judgment.[64]

Finally, although the bankruptcy court's equitable powers under § 105 are broad, they are not unlimited. Under § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[65] The Supreme Court has stated that a bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code."[66] Similarly, the Tenth Circuit has said that a bankruptcy court's equitable powers under § 105(a) "'may not be exercised in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code.'"[67] The applicable procedural rules contemplate that notice of the entry of a judgment might not be given and specifically provide that lack of notice will not toll the time to act after the judgment is entered.

### 2. The bankruptcy court did not abuse its discretion in denying Rule 60(b) relief.

Rule 60(b), made applicable in bankruptcy proceedings by Rule 9024, provides that the court may grant relief from a judgment based on one or more of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

---

[64] *Compare* Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).") *with* Fed. R. Bankr. P. 9006(b)(2) ("The court may not enlarge the time for taking action under Rules . . . 9023, and 9024.").

[65] 11 U.S.C. § 105(a).

[66] *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

[67] *United States v. Richards (In re Richards)*, 994 F.2d 763, 765 (10th Cir. 1993) (quoting *Landsing Diversified Props.-II v. First Nat'l Bank and Trust Co. (In re W. Real Estate Fund, Inc.)*, 922 F.2d 592, 601 (10th Cir. 1990)).

equitable; or (6) any other reason that justifies relief.

Relief under Rule 60(b) is afforded only in exceptional circumstances.[68]

The bankruptcy court denied the Third Motion because the motion simply revisited arguments previously heard and rejected.[69] We agree with the bankruptcy court's assessment. In the First Motion, Debtor alleged, among other things, that LEBR's principal had hijacked the POA by directing and controlling its actions in the bankruptcy case. In the Second Motion, she made a similar claim, but added that "she has discovered new evidence, specifically that shareholders or members of the [POA] were not aware of the actions before this court and have not authorized [CRS] to represent the homeowner's association" in bankruptcy court.[70] The Third Motion requested a rehearing based on the lack of notice to Debtor of the entry of the June 19 Order; it did not raise any new grounds for relief.

The hearing transcript on the Third Motion indicates that Debtor wanted the bankruptcy court to review her new evidence again. Debtor described the central issue as "Newly discovered evidence is the focus at this hearing, what the owners are saying now is the focus of this hearing . . . ."[71] Thus, Debtor cited the lack of notice of the entry of the judgment as a pretext to revisit issues regarding the POA's participation in the bankruptcy case, which she raised in the First and Second Motions and which were rejected by the bankruptcy court. "It is improper for a court to grant relief under Rule 60(b) if, in doing so, the court simply

---

[68] *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996).

[69] August 27, 2014 Hr'g Tr. at 15, *in* App. at 135.

[70] June 17, 2014 Hr'g Tr. at 27-28, *in* App. at 168-69 (bankruptcy court summarizing the Second Motion).

[71] August 27, 2014 Hr'g Tr. at 4, *ll.* 13-14, *in* App. at 125.

revisits arguments which had already been raised and dismissed."[72]  For this reason, the bankruptcy court did not abuse its discretion in denying the Third Motion.

### C.    The June 19 Order

Rule 8002 requires a notice of appeal to be filed within fourteen days of the date of the entry of the order appealed from *or* fourteen days from the entry of an order disposing of a timely-filed motion of the kind set forth in Rule 8002(b). Debtor's Notice of Appeal was filed on September 10, 2014, eighty-three days after the entry of the June 19 Order.  The Third Motion did not toll the period to appeal the June 19 Order  because (as discussed above) it was not a timely-filed motion under Rule 9023, nor was it a Rule 9024 motion filed within fourteen days of the June 19 Order's entry.  Debtor's appeal of the June 19 Order was thus untimely.  Accordingly, we lack jurisdiction to review the June 19 Order and dismiss her appeal of it for lack of appellate jurisdiction.[73]

## IV.    Conclusion

The Clerk's failure to give the notice required by Rule 9022 did not violate Debtor's right to due process.  Rule 9006(b)(2) precluded the bankruptcy court from enlarging Debtor's time to file a motion under Rule 9023 even though the Clerk failed to comply with Rule 9022's mandate to immediately serve notice of the entry of the June 19 Order.  Because the Third Motion was filed more than fourteen days after the entry of the June 19 Order, we conclude the bankruptcy court properly treated it as a motion filed under Rule 60.  And because the Third Motion merely revisited previously rejected arguments, the bankruptcy court did

---

[72]    *Ebel v. Ebel (In re Ebel)*, Case No. 96-1190, 1997 WL 428574, at *5 (10th Cir. July 30, 1997) (citing *Van Skiver*, 952 F.2d at 1244).

[73]    *Dimeff v. Good (In re Good)*, 281 B.R. 689, 694-95 (10th Cir. BAP 2002) (failure to timely file notice of appeal is jurisdictional defect barring appellate review and requires dismissal for lack of appellate jurisdiction).

not abuse its discretion in denying relief under Rule 60(b). Finally, because the Third Motion was not of a kind set forth in Rule 8002(b), the appeal of the June 19 Order was untimely. For these reasons, we AFFIRM the August 28 Order and DISMISS the appeal of the June 19 Order for lack of appellate jurisdiction.