**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LANCE B. WATSON,

      Petitioner - Appellant,

v.

RON WARD, Director of the
Oklahoma Department of Corrections;
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 04-6204

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
D.C. No. 03-CV-00598-R**

Lance B. Watson, pro se.

William R. Holmes, Assistant Attorney General, and W.A. Drew Edmondson,
Attorney General, Oklahoma City, Oklahoma, for Respondents.

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[*]

**KELLY**, Circuit Judge.

---

   [*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Petitioner-Appellant Lance B. Watson appeals from a judgment in favor of Respondents-Appellees denying relief on his habeas petition, 28 U.S.C. § 2241. The judgment appealed from purported to supercede an earlier judgment granting him a writ of habeas corpus, 28 U.S.C. § 2241, ordering certain misconduct points removed from his record, and ordering recalculation of class level and earned credits from October 2001. We reverse.

Mr. Watson is currently serving five concurrent thirty-year sentences for robbery by force after previous conviction of two or more felonies and a concurrent thirty-year sentence for burglary in the second degree after previous conviction of two or more felonies. The judgments of conviction were entered on September 14, 1987. Mr. Watson claimed that the DOC, in violation of the ex post facto clause, retroactively applied its policy OP-060107, effective July 17, 2000, to "reactivate" security points for his 1988 disciplinary misconduct for "group disruption." See R. Doc. 1, Ex. E (DOC policy OP-060107 (07/01/2001); R. Doc. 13 at 2. Pursuant to an earlier policy and the warden's directive, Mr. Watson's misconduct points for that incident had been dropped (DOC Policy OP-060213 (11/01/1990), R. Doc. 1, Ex. C). After exhausting his claim in a state mandamus action, Mr. Watson filed this action. The magistrate judge

recommended denial of the petition. R. Doc. 13. The district court disagreed. R. Doc. 15. Respondents successfully sought reconsideration and judgment was entered in their favor. R. Doc. 23.

A brief chronology is necessary. Judgment in favor of Mr. Watson granting his request for habeas relief was entered on February 17, 2004. R. Doc. 16. He then filed various post-judgment motions for costs and enforcement of the judgment. R. Docs. 17 & 19. In an April 28, 2004, order, the district court indicated that it appeared that Respondents-Appellees had not received copies of the order and judgment granting Petitioner relief and ordered the clerk to provide copies. R. Doc. 20. Respondents-Appellees did not seek an extension of time to appeal pursuant to Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d). See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000). Instead, on May 11, 2004, the Respondents-Appellees filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), urging that (although the judgment was entered on February 17, 2004) the Rule 59 ten-day deadline should not begin to run until the issuance of the court's April 28th order. R. Doc. 21 at 1-2. On June 15, 2004, the district court granted the Rule 59 motion and entered a new judgment in favor of Respondents-Appellees. R. Docs. 22 & 23.

We granted a certificate of appealability ("COA") on the following issue: Whether the district court had jurisdiction to grant Respondents' Rule 59 motion

to alter or amend judgment? See Fed. R. Civ. P. 6(b); Brock v. Citizen's Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988) (court lacks jurisdiction over untimely Rule 59(e) motion). With admirable candor, Respondents concede that the district court lacked jurisdiction. They urge that we uphold the district court's second judgment as one entered pursuant to Fed. R. Civ. P. 60(b), though it plainly was issued pursuant to Rule 59(e) upon reconsideration. See Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005) (noting the difference between Rule 59(e) motions and Rule 60(b) motions). Although we have at times construed untimely Rule 59(e) motions as arising under Rule 60(b), our recent cases make it clear that Rule 60(b) is not to be used to circumvent the limitations and requirements of Fed. R. App. P. 4(a)(6), including the filing of a motion to reopen the time to file an appeal within the earlier of 180 days after entry of the judgment or seven days after the movant receives notice of the judgment. Clark, 204 F.3d at 1040-41; Servants of Paraclete v. Does, 204 F.3d 1005, 1009-10 (10th Cir. 2000). Even were we to construe the Rule 59(e) motion as a motion to reopen the time to file an appeal, it would be untimely because it was not filed within seven days after Respondents received notice of the judgment. Though it is regrettable that Respondents did not receive notice of that first judgment entered in mid-February until late-April, to construe the untimely Rule 59(e) motion as one made pursuant to Rule 60(b) would be an end-run around Fed. R. App. P. 4(a)(6). Moreover, a

Rule 60(b) motion should not be a substitute for an appeal, but applying it here would work that result.

The district court's judgment is REVERSED, and the case is remanded for further proceedings consistent with this order and judgment, including reinstatement of the first judgment. We GRANT Mr. Watson's motion for IFP status.