**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAWN D. ALLEN,

   Plaintiff-Appellant,

v.

SGT. SCHMUTZLER,

   Defendant-Appellee,

and

WARDEN LARRY REID; WILLIAM
RICHTER; LT. SHAWNA TROXEL,

   Defendants.

No. 10-1119
(D.C. No. 1:07-CV-01224-CMA-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

\*  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shawn D. Allen, a Colorado state inmate appearing pro se, appeals from the district court's order granting summary judgment in favor of defendant Sgt. Schmutzler. Because Allen's notice of appeal is untimely, we dismiss the appeal for lack of appellate jurisdiction.

Allen sued Larry Reid, William Richter, Sgt. Schmutzler, and Shawna Troxel under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights arising from their involvement in disciplinary proceedings against him. The district court granted the motion to dismiss filed by Reid, Richter and Troxel. Eventually, Schmutzler filed a motion for summary judgment. On February 18, 2010, the court issued an order adopting the recommendation of a magistrate judge to grant summary judgment to Schmutzler. The following day, February 19, the court entered a judgment dismissing the case against all defendants.

On March 12, 2010, Allen filed with the district court a motion for a thirty-day extension of time to file a "'motion for reconsideration,'" R. at 353, concerning "dismissal of this case," *id*. The court denied the motion for extension of time on March 17. Allen filed his notice of appeal on March 25.[1]

Under Fed. R. App. P. 4(a)(1)(A), Allen's notice of appeal was due no later than March 22, 2010 – thirty days from entry of the February 19 judgment

---

[1] We granted Allen's motion to dismiss his appeal against Reed, Richter and Troxel.

dismissing the case.[2] Because the notice was not filed until March 25, we issued an order directing Allen to show cause why his appeal should not be dismissed as untimely, and afforded him the opportunity to demonstrate compliance with the prison mailbox rule. In his response, Allen never mentioned the prison mailbox rule, but instead explained that he did not have an "opportunity to read and respond to the district court's February 19[] 2010 judgment," Aplt. Resp. at 1, until March 9, at which time he filed the motion to extend the time for filing a motion for reconsideration. He asked that his untimely notice of appeal be excused on the grounds that "I sent [my] 'Notice of Appeal' to [the] district court once my motion for extension was denied. I felt it reasonable to wait to see if [the] motion would be granted prior to filing appeal notice." *Id*. at 2.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The judgment from which Allen appealed was entered on February 19, 2010, and his notice of appeal was due no later than March 22. Allen's status as a pro se litigant does not excuse the untimely filing because "[w]hile we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse

---

[2] Thirty days fell on Sunday, March 21, 2010, making the notice of appeal due the following day. *See* Fed. R. App. P. 26(a)(1)(C).

-3-

the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Because Allen did not file his notice of appeal until March 25, this court lacks appellate jurisdiction over the district court's judgment dismissing the case.[3]

The appeal is DISMISSED.  We GRANT Allen's request to proceed without prepayment of the appellate filing fee and remind him of his continuing obligation to make partial payments until the filing fee is paid in full.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[3] That Allen filed a motion to for a thirty-day extension of time to file a motion to reconsider does not help his cause.  Fed. R. Civ. P. 6(b)(2) prohibits the district court from extending the time for  filing a motion for reconsideration under either Fed. R. Civ. P. 59(e) or 60(b), which provided Allen's only grounds for relief.  *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (holding that because the rules do not recognize a motion for reconsideration, such motions are construed under either Fed. R. Civ. P. 59(e) or 60(b)).