**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  FREDERICK KIRBY HARTH, JR.,

    Debtor.

-----------------------------------

MOSHE TAL,

    Plaintiff - Appellant,

v.

FREDERICK KIRBY HARTH, JR.,

    Defendant - Appellee.

No. 14-6205
(BAP No. 13-071-WO)
(BAP)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Moshe Tal seeks review of an order of the Bankruptcy Appellate Panel (BAP)

affirming an adverse judgment entered by the bankruptcy court following a bench

trial at which he did not appear.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under Fed. R. App. P. 6(b)(1), which applies the civil appeal deadline from Fed. R. App. P. 4(a) to bankruptcy appeals, a notice of appeal from a BAP decision must be filed within 30 days. Mr. Tal filed his notice of appeal 48 days after the BAP's order was issued and reduced to judgment. Because a timely notice of appeal under Rule 6(b)(1) is a jurisdictional prerequisite to review, *Taumoepeau v. Mfrs. & Traders Trust Co. (In re Taumoepeau)*, 523 F.3d 1213, 1216 (10th Cir. 2008), and because, as we explain below, Mr. Tal cannot invoke any saving provision to excuse his untimeliness, we dismiss this appeal.

Mr. Tal did file a motion for rehearing with the BAP before the deadline for appeal expired.[1] Under Fed. R. App. P. 6(b)(2)(A)(i)—which operates in the same manner as the provision in Fed. R. App. P. 4(a)(4) tolling the time for appeal in civil cases when certain post-judgment motions have been timely filed—a timely motion for rehearing before the BAP postpones the appeal period until the motion is resolved. But Mr. Tal's motion for rehearing was itself untimely.

The Supreme Court has held in the Rule 4(a)(4) context that tolling motions must be timely to have tolling effect, as the plain language of that Rule (like Rule 6(b)(2)(A)(i)) expressly provides. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264-65 (1978); *see also Longstreth v. City of Tulsa*, 948 F.2d 1193, 1195 (10th Cir. 1991) (noting that "to toll the appeal time under [Rule 4(a)(4)] a pleading must (1) be a motion, (2) be timely, and (3) be one of the . . . motion[s]

---

[1] Mr. Tal's notice of appeal was timely with respect to the BAP's denial of his motion for rehearing, but, as we explain later, that ruling rested on its own independent justification, which Mr. Tal has not challenged on appeal.

specified in the tolling rule"). We see no basis for treating Rule 6(b)(2)(A)(i) differently; indeed, this court and others have enforced the timeliness condition on tolling under that provision in the same straightforward way *Browder* enforced its counterpart in Rule 4(a)(4), *see, e.g.*, *BCORP-HRT, LLC v. Lobb (In re Lobb)*, 66 F. App'x 164, 166 & n.5 (10th Cir. 2003); *Theodore v. Daglas (In re D.W.G.K. Rests., Inc.)*, 42 F.3d 568, 569 (9th Cir. 1994); *Aycock v. Eaton (In re Eichelberger)*, 943 F.2d 536, 537 (5th Cir. 1991).

The BAP expressly noted the untimeliness of Mr. Tal's motion for rehearing, but elected to deny it on the merits given the minimal delay involved. That does not alter our jurisdictional analysis. Although we do not gainsay the BAP's authority to overlook the untimeliness of a motion for rehearing on equitable grounds, that is a separate matter from whether the BAP affects our appellate jurisdiction by denying the untimely motion on the merits. Whether Mr. Tal is entitled to tolling of the appeal period is itself a "jurisdictional issue in this appeal," *DeLeon v. Marcos*, 659 F.3d 1276, 1280-81 (10th Cir. 2011), and "[c]ourts have 'no authority to create equitable exceptions to jurisdictional requirements,'" *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

We therefore agree with those circuits holding that a lower court's discretionary election to deny an untimely post-judgment motion on the merits (an equitable action without jurisdictional import in that court) does not re-invest that motion with a tolling effect for purposes of appellate jurisdiction. *See, e.g.*, *Blue v. Int'l Br'hood of Elec. Workers Local Union 159*, 676 F.3d 579, 582-83 (7th Cir.

2012); *Lizardo v. United States*, 619 F.3d 273, 280 (3d Cir. 2010); *In re Eichelberger*, 943 F.2d at 540.

We directed the parties to address the timeliness issue. Mr. Tal has submitted a responsive, if ultimately unpersuasive, brief.[2] He asks us to afford tolling effect to his untimely motion for rehearing and excuse his belated appeal, emphasizing the minimal delay involved and his efforts to meet the deadline. But, as noted above, bright-line jurisdictional requirements may not be ignored to accommodate such circumstantial equitable concerns.

Mr. Tal also points to an email from the BAP court clerk confirming that his motion had been "successfully filed," but this email did not suggest the motion had been *timely* filed (the clerk sent it in response to an email from Mr. Tal explaining that he was having computer problems and inquiring only whether the motion had been filed at all). In fact, the clerk's email specified that the *date* of filing was the day after the deadline had expired. Moreover, the BAP's order denying the motion clearly alerted Mr. Tal that the motion was untimely, even though, as discussed above, the BAP elected to deny it on the merits. Mr. Tal still had, at that point, over a week left in which to appeal from the BAP's underlying judgment. In the end, his failure to consult the applicable rules and file a timely notice of appeal in that period following the BAP's denial of his motion has foreclosed his appeal.

---

[2] Appellee submitted this response: "Counsel for the defendant/appellee would state that this Court's knowledge of its rules and jurisdictional limits far exceeds her own. Therefore, she has nothing of merit to add to this Court's analysis." Defendant/Appellee's Response to Court's June 3 Order.

4

Mr. Tal is pro se, but "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure and Appellate Procedure," *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994), and we have repeatedly applied this principle to dismiss untimely pro se appeals, *see, e.g.*, *Gather v. Okarng*, No. 11-6212, 2011 WL 11563900, at *1 (10th Cir. Aug. 19, 2011); *Allen v. Schmutzler*, 401 F. App'x 355, 356-57 (10th Cir. 2010); *Batten v. Fields*, No. 98-6326, 1999 WL 44101, at *2 (10th Cir. Feb. 2,1999); *Meadows v. Okla. City Mun. Ct.*, 247 F. App'x 116, 117-18 (10th Cir. 2007).

Finally, we note Mr. Tal's notice of appeal was filed within the time to seek review of the BAP's order denying rehearing. But Mr. Tal does not argue in the alternative for appellate jurisdiction limited to the rehearing order—nor would it help him if he did. The BAP denied his motion for rehearing for reasons specific to the unique requirements for rehearing (and distinct from the merits of the underlying decision): after noting that a motion for rehearing "must state with particularity each point of law or fact that the [party] believes the court has overlooked or misapprehended," the BAP denied Mr. Tal's motion because it was "devoid of any substance that would support a determination that this court overlooked, misapprehended, or misconstrued any point of law or fact; rather, it is just another appeal brief reiterating Appellant's unsuccessful claims." R. doc. 72 at 2. Nothing in Mr. Tal's appellate briefing addresses this rationale for the denial of rehearing.

5

Rather, his briefing is devoted exclusively to arguing the merits of the claims rejected in the BAP's underlying decision, over which we lack jurisdiction.

The appeal is dismissed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge