**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: MICHAEL LYNN ROBERTSON,

    Debtor.

_____

BANNER BANK, formerly doing business
in Utah as AmericanWest Bank or Far
West Bank,

    Plaintiff - Appellee,

v.

MICHAEL LYNN ROBERTSON,

    Defendant - Appellant.

No. 18-4060
(BAP No. 17-034-UT)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

The United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP)

dismissed the appeal of pro se litigant Michael Lynn Robertson for lack of

jurisdiction. The BAP reasoned that a post-judgment motion Mr. Robertson filed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Federal Rule of Bankruptcy Procedure 9023 was untimely and therefore did not toll the time limit for filing his notice of appeal from the bankruptcy court's underlying judgment. Accordingly, the BAP concluded that his notice of appeal was untimely and that the BAP lacked jurisdiction. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm. We conclude that the Rule 9023 motion was untimely and reaffirm Tenth Circuit precedent that the time to file a notice of appeal from a bankruptcy court is jurisdictional. We also hold that an untimely Rule 9023 motion is ineffective to toll the time for filing a notice of appeal and that the BAP may raise the timeliness of a Rule 9023 motion sua sponte. We deny without prejudice appellee's request for attorney fees.

## I. Overview of legal framework

The issues in this appeal turn primarily on one statute and several rules of bankruptcy procedure governing the time to file a notice of appeal from a bankruptcy court. We therefore set out the relevant legal framework before turning to the facts and procedural background of this case.

In 28 U.S.C. § 158(c)(2), Congress included a timeliness condition for taking appeals from bankruptcy court decisions: "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and *in the time provided by Rule 8002* of the Bankruptcy Rules." § 158(c)(2) (emphasis added). In turn, Bankruptcy Rule 8002(a)(1) states: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after

2

entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). An exception in subdivision (b) is relevant here and provides that Rule 8002(a)(1)'s 14-day time period for filing a notice of appeal can be extended when certain motions, including a Rule 9023 motion, are *timely* filed:

> If a party files in the bankruptcy court any of the following motions and does so *within the time allowed by these rules*, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (B) to alter or amend the judgment under Rule 9023[.]

Fed. R. Bankr. P. 8002(b)(1)(B) (emphasis added). And Bankruptcy Rule 9023 requires that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023.

With this framework in mind, we turn to the factual and procedural background of this case.

## II.    Factual and procedural background

Through counsel, Mr. Robertson filed a Chapter 7 bankruptcy petition. Banner Bank (Bank) initiated an adversary proceeding seeking to except from discharge a deficiency judgment it had obtained against Mr. Robertson in Utah state court. After Mr. Robertson's counsel withdrew, Mr. Robertson proceeded pro se, and the parties filed cross-motions for summary judgment. On March 30, 2017, the bankruptcy court entered an order and judgment granting the Bank's motion and denying Mr. Robertson's motion. Fourteen days later, on April 13, 2017, Mr. Robertson mailed a Rule 9023 motion to the bankruptcy court, asking the court to reconsider, alter, or amend the judgment. The motion was entered on the bankruptcy court's

3

docket on April 14, 2017, which was 15 days after the judgment. The parties fully briefed the motion, and the Bank never complained that the motion was untimely. The bankruptcy court denied the motion on the merits, never mentioning whether the motion was timely.

On July 14, 2017, 14 days after the bankruptcy court disposed of the Rule 9023 motion, Mr. Robertson filed a notice of appeal to the BAP. The notice of appeal designated only the bankruptcy court's March 30, 2017 order and judgment as the subject of the appeal. After the parties completed merits briefing—where the Bank did not dispute that the BAP had jurisdiction over the appeal—the BAP issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction because the notice of appeal appeared untimely.

After considering the parties' responses to the show-cause order, the BAP determined that the notice of appeal was untimely. The BAP concluded that because Mr. Robertson's Rule 9023 motion was filed 15 days after entry of judgment, it was untimely and therefore did not toll the running of Rule 8002(a)(1)'s 14-day appeal period, which the BAP treated as jurisdictional. In reaching its conclusions, the BAP rejected Mr. Robertson's argument that *mailing* the Rule 9023 motion on the fourteenth day after entry of the judgment was sufficient to render the motion timely *filed*, which the BAP said occurs when "a document [is] received by the clerk," R., Vol. I at 35. The BAP also rejected his argument that by mailing the motion to the clerk, he had served the clerk, and that service is complete upon mailing. The BAP reasoned that Rule 9023 requires *filing* within 14 days, and service is not equivalent

4

to filing.  Accordingly, the BAP concluded that his notice of appeal was untimely and dismissed the appeal for lack of jurisdiction.

Mr. Robertson filed a motion for rehearing or to alter or amend the BAP's judgment, arguing that the time to file an appeal with the BAP was not jurisdictional, that Rule 9023 is a claim-processing rule and the Bank had forfeited any objection to the timeliness of his Rule 9023 motion, and that the BAP should not have considered the timeliness of that motion sua sponte.  The BAP denied the motion for rehearing. This appeal followed.

## III.  Discussion

Mr. Robertson raises three issues on appeal, which we address in the following order:  (1) whether a Rule 9023 motion is deemed filed when mailed, so that his Rule 9023 motion was timely filed; (2) whether this circuit's law that Rule 8002(a)(1)'s time limit for filing a notice of appeal from a bankruptcy court's judgment is jurisdictional remains good after intervening Supreme Court decisions; and (3) whether Rule 9023's 14-day timeliness requirement is a claim-processing rule that the Bank waived, so the untimely Rule 9023 motion was effective in tolling the appeal period.  The third issue has a related concern:  whether it was proper for the BAP to raise the timeliness of the Rule 9023 motion sua sponte as a predicate to determining its jurisdiction.

The issues on appeal concern matters of law or "mixed questions consisting primarily of legal conclusions drawn from the facts," so our review is de novo. *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1292 (10th Cir. 1997).  We afford

5

a liberal construction to Mr. Robertson's pro se filings, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### A. A Rule 9023 motion is filed when the court receives it

We first address whether Mr. Robertson's Rule 9023 motion was timely filed. If it was, then it tolled the appeal period, his notice of appeal to the BAP was timely, and we would not have to address any other issues in this appeal. We conclude, however, that the motion was not timely filed.

Mr. Robertson argues that his motion should be treated as filed on April 13, 2017, the fourteenth day after entry of judgment, because he placed it in the United States mail that day, postage prepaid. He contends that the Federal Rules of Bankruptcy Procedure do not define when "filing" occurs, but he advocates for defining that moment by reference to Supreme Court Rule 29.2, which allows the date of filing to be the date of mailing provided certain requirements are satisfied.[1]

We disagree with Mr. Robertson's premise that no federal bankruptcy rule defines when filing occurs. Therefore, we need not consider whether Supreme Court Rule 29.2 should apply. As noted, a Rule 9023 motion must be "*filed* . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023 (emphasis added). In adversary proceedings, such as we have here, the filing of papers is governed by

---

[1] In relevant part, Supreme Court Rule 29.2 provides: "A document is timely filed if it is received by the Clerk within the time specified for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing . . . ."

Federal Rule of Civil Procedure 5. *See* Fed. R. Bankr. P. 7005 ("Rule 5 F.R.Civ.P. applies in adversary proceedings."). And under Civil Rule 5, "[a] paper not filed electronically"—like Mr. Robertson's Rule 9023 motion—"is filed by *delivering* it . . . to the clerk" or "to a judge who agrees to accept it for filing." Fed. R. Civ. P. 5(d)(2) (emphasis added). Delivery, and hence filing, requires *receipt* by the clerk or a judge. *See United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("Filing, it must be observed, is not complete until the document is delivered and received."); *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) ("[M]ailing alone does not constitute filing[.] . . . [F]iling requires delivery and receipt by the proper party." (citations omitted)); *Kahler-Ellis Co. v. Ohio Tpk. Comm'n*, 225 F.2d 922, 922 (6th Cir. 1955) (depositing a document in the mail "is not a filing; only when the clerk acquires custody has [a document] been filed" (citations omitted)).

Mr. Robertson does not argue that the clerk or a judge received his Rule 9023 motion on April 13, 2017, but only that he mailed it on that date. Consequently, the motion was untimely.[2]

---

[2] The Bank has not cited Rule 7005 or its incorporation of Civil Rule 5, and the BAP approached this issue by analyzing the meaning of the word "filed" in Federal Rule of Bankruptcy Procedure 5005(a)(1), which provides that "motions . . . required to be filed by these rules, except as provided in 28 U.S.C. § 1409 [concerning venue in Chapter 11 proceedings], shall be filed with the clerk in the district where the case under the Code is pending." Even if Bankruptcy Rule 5005 controls, we would reach the same conclusion—that mailing is not equivalent to filing.

## B. Rule 8002(a)(1)'s time limit is jurisdictional

We next consider Mr. Robertson's argument that Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal from a bankruptcy court's ruling is not jurisdictional but a claim-processing rule. The distinction matters because if a time limit for filing a notice of appeal is "jurisdictional," then "late filing of the appeal notice necessitates dismissal of the appeal"; but if it is "a mandatory claim-processing rule," it is "subject to forfeiture if not properly raised by the [opposing party]." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017). For the following reasons, we reject Mr. Robertson's argument.

We considered Rule 8002(a) in *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992), holding that the "failure to file a timely notice of appeal [is] a jurisdictional defect barring appellate review." In *Emann v. Latture (In re Latture)*, 605 F.3d 830 (10th Cir. 2010), we reaffirmed our holding in *In re Herwit* after considering the Supreme Court's intervening jurisprudence concerning the distinction between time limits that are non-waivable jurisdictional requirements and those that are waivable claim-processing rules. *See id.* at 832–37.[3] Consistent with that intervening jurisprudence, we considered whether Congress had "'rank[ed] [the] statutory limitation . . . as jurisdictional,'" *id.* at 834 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)), and the "'context, including [the Supreme] Court's

---

[3] Just prior to our decision in *In re Latture*, the BAP conducted a similar analysis and reached the same conclusion that Rule 8002(a)(1) is jurisdictional. *See Hatch Jacobs, LLC v. Kingsley Capital, Inc. (In re Kingsley Capital, Inc.)*, 423 B.R. 344, 347–51 (B.A.P. 10th Cir. 2010).

interpretation of similar provisions in many years past,'" to determine whether Rule 8002(a)(1)'s 14-day time limit is "'jurisdictional,'" *id.* at 835 (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168 (2010)).  We discussed several factors indicating that Rule 8002(a)(1)'s 14-day time limit is a jurisdictional time prescription, not a waivable or forfeitable claim-processing rule:

First, we noted that in 28 U.S.C. § 158(c)(2), Congress had "explicitly included a timeliness condition" for taking appeals—"that a notice of appeal be filed within the time provided by Rule 8002(a)."  *In re Latture*, 605 F.3d at 837.

Second, we noted that this "timeliness  requirement . . . is located in the same section granting the district courts and bankruptcy appellate panels jurisdiction to hear appeals from bankruptcy courts—Section 158(a)-(b)."  *Id.*

And third, we observed that in *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court had noted that "time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century."  *Id.* at 210 n.2. Although *Bowles* concerned a civil appeal rather than a bankruptcy appeal, we did not "believe [that] distinction makes a difference" because "the Advisory Committee Notes accompanying Rule 8002(a) state that the rule is an adaptation" of the same rule the Court addressed in *Bowles*, Federal Rule of Appellate Procedure 4(a), *In re Latture*, 605 F.3d at 837 (internal quotation marks omitted), and *Bowles* and *Reed Elsevier* instruct that we must "look at the [Supreme] Court's 'interpretation of similar provisions,'" *id.* (quoting *Reed Elsevier, Inc.*, 559 U.S. at 168).  We also noted that historically, all circuits had treated Rule 8002(a)(1)'s time limit as

jurisdictional prior to *Kontrick v. Ryan*, 540 U.S. 443 (2004), which launched the Supreme Court's recent series of decisions analyzing whether time limits and other conditions in statutes and rules are jurisdictional. *In re Latture*, 605 F.3d at 837.

Mr. Robertson claims that *In re Latture* was wrongly decided and should be overturned (1) because we misapplied the Supreme Court decisions we discussed in *In re Latture* and (2) in light of decisions the Supreme Court has issued since *In re Latture* that involved or discussed appeals from or to courts that, like bankruptcy courts and the BAP, are Article I courts, not Article III courts. But this panel is "bound by the precedent of prior panels absent *en banc* reconsideration or a *superseding* contrary decision by the Supreme Court." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (emphasis added) (internal quotation marks omitted). Therefore, in determining what is binding precedent from this court, we will consider only Supreme Court decisions issued after *In re Latture* that Mr. Robertson cites in his opening brief and that are substantively relevant to his "Article I" argument.[4] We discern two such cases: *Hamer v. Neighborhood Housing*

---

[4] In addition to his "Article I" argument, Mr. Robertson suggests that *In re Latture* is in tension with Federal Rule of Bankruptcy Procedure 9030. Aplt. Opening Br. at 10–11. Rule 9030 reads: "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein." We rejected this argument in *In re Latture*, 605 F.3d at 837, holding that § 158(c)(2) determined the timeliness component of jurisdiction over appeals from bankruptcy courts "by incorporating the time limits prescribed in Rule 8002(a)." None of the later Supreme Court decisions Mr. Robertson cites in his opening brief bear on that conclusion. Accordingly, this panel will not reconsider the point. *Meyers*, 200 F.3d at 720.

10

*Services of Chicago*, 138 S. Ct. 13 (2017), and *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011) (*Henderson*).[5] Neither one requires us to overturn *In re Latture*.

In *Hamer*, the Supreme Court held that Federal Rule of Appellate Procedure 4(a)(5)(C)'s 30-day time limit on the length of an extension of time to file a notice of appeal in a civil case is a nonjurisdictional claim-processing rule. 138 S. Ct. at 21. Facially, that holding has no application here. But Mr. Robertson directs our attention to the following statement in *Hamer*: "The rule of decision our precedent shapes is both clear and easy to apply: If a time prescription governing the transfer of adjudicatory authority *from one Article III court to another* appears in a statute, the limitation is jurisdictional; *otherwise*, the time specification fits within the claim-processing category[.]" *Id.* at 20 (emphasis added) (citation omitted). Mr. Robertson claims the reference to an "Article III court" means that *only* timeliness prescriptions concerning "appeals from one Article III court to another are jurisdictional," Aplt.

_____

[5] In his opening brief, Mr. Robertson also relies on *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145 (2013), in support of his "Article I" argument. The time limits at issue in *Sebelius*, however, did not involve any federal courts but the time to appeal from a Medicare reimbursement determination by "[g]overnment contractors, called fiscal intermediaries, . . . to an administrative body named the Provider Reimbursement Review Board." *Id.* at 821. *Sebelius* is therefore not germane to Mr. Robertson's "Article I" argument. Consequently, we will discuss it no further. In his reply brief, Mr. Robertson relies on another recent case, *Patchak v. Zinke*, 138 S. Ct. 897 (2018), in support of his "Article I" argument. But that reliance comes too late. *Patchak* was decided before Mr. Robertson filed his opening brief, but he waited until his reply brief to cite it. We ordinarily do not consider matters raised for the first time in a reply brief, including arguments that might support a court's jurisdiction. *McKenzie v. U.S. Citizenship and Immigration Servs.*, 761 F.3d 1149, 1154–55 (10th Cir. 2014). We decline to do so here.

11

Opening Br. at 14, and therefore "appeals from Article I Bankruptcy courts fit into the claim processing category," *id.* at 11. He posits that Rule 8002(a)(1) sets the time limit to appeal from one Article I court (a federal bankruptcy court) to another (the BAP) and is therefore nonjurisdictional under *Hamer*.

We disagree. Nothing in *Hamer* indicates that the Court's analysis turned on the constitutional basis for a federal court's jurisdiction. Instead, the Court's rationale was that the 30-day time limit, which purported to apply "in all circumstances," was set forth only in Appellate Rule 4(a)(5)(C), whereas the relevant statute, 28 U.S.C. § 2107(c), set a shorter time limit (14 days) on the length of an extension only in cases where "the prospective appellant lacked notice of the entry of judgment." *Hamer*, 138 S. Ct. at 19 (emphasis omitted). Nor does *Hamer* stand for the proposition that a timeliness prescription for taking an appeal from or to an Article I court is per se a claim-processing rule. To the contrary, *Hamer* cited examples of "cases not involving the timebound transfer of adjudicatory authority from one Article III court to another" where the Court had "additionally applied a clear-statement rule." *Id.* at 20 n.9. The Court then explained that the rule requires consideration of "context" and the "Court's interpretations of similar provisions in many years past" when determining if Congress provided a clear statement that a particular provision was intended to be jurisdictional. *Id.* (internal quotation marks omitted). That explanation confirms *In re Latture*'s analytical course, which included consideration of context and precedent in determining whether Congress has "rank[ed]" a time limit as jurisdictional. *In re Latture*, 605 F.3d at 834.

12

For these reasons, nothing in *Hamer* causes us to question the analysis or result in *In re Latture* on the basis that time limits for filing notices of appeal from or to Article I courts are nonjurisdictional claim-processing rules. Other courts have agreed. *See Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 105 (B.A.P. 9th Cir. 2018) ("[T]here is nothing in *Hamer* that gives us a reason to reexamine the Ninth Circuit's longstanding construction of the time deadline in Rule 8002(a)" as jurisdictional.); *In re Jackson*, 585 B.R. 410, 412, 415–16, 420–21 (B.A.P. 6th Cir. 2018) (considering *Hamer* and concluding that § 158(c)(2)'s time requirement, as implemented by Rule 8002(a)(1), is jurisdictional).

*Henderson* is even further afield than *Hamer*. In *Henderson*, the Supreme Court held that a statutory 120-day deadline for filing a notice of appeal from a decision by the Board of Veterans' Appeals to the United States Court of Appeals for Veterans Claims was not jurisdictional. 562 U.S. at 431. After noting that none of its precedents, including *Bowles*, controlled the outcome because the case involved "review by an Article I tribunal as part of a unique administrative scheme," the Court considered several factors bearing on congressional intent. *Id.* at 437–38. And it was those factors—not the Article I nature of the reviewing court—that informed the result. For our purposes, the most significant of those other factors are (1) the absence of jurisdictional terms in the statute at issue and (2) the numerous differences between "ordinary civil litigation" that "provided the context of [the Court's] decision in *Bowles*," and the "informal and nonadversarial" nature of "the system Congress that created for the adjudication of veterans' benefits claims," *id.* at 440.

13

In contrast, § 158(c)(2) does speak in jurisdictional terms, as discussed in *In re Latture*, 605 F.3d at 837. Furthermore, § 158(c)(2) directs that appeals from bankruptcy courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002." The *Henderson* Court found that similar statutory language clearly signals an intent that a time limit should be treated as jurisdictional. 562 U.S. at 438–39.[6] And bankruptcy proceedings have much more in common with adversarial civil litigation than with the nonadversarial scheme discussed in *Henderson*. *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) ("A bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." (internal quotation marks omitted)); *In re Grasso*, 519 B.R. 137, 140 (Bankr. E.D. Pa. 2014) ("The adversarial nature of bankruptcy proceedings presumes the participation of creditors will be driven by their self-interest and not the expectation of

---

[6] Mr. Robertson claims the word "generally" in § 158(c)(2), read in conjunction with 28 U.S.C. § 2107(d)'s statement that § 2107, which sets the time for taking appeals in civil proceedings, "shall not apply to bankruptcy matters or other proceedings under Title 11," indicates that Congress was delegating to the Supreme Court the authority to set how and when appeals are taken from bankruptcy courts. In further support, he notes that in 2009, the Supreme Court, which promulgates the Federal Rules of Bankruptcy Procedure, extended Rule 8002(a)'s original 10-day limit to 14 days. But this argument does not depend on or derive solely from any Supreme Court decision issued after *In re Latture*; Mr. Robertson cites only *Henderson* and only for its definition of claim-processing rules. *See* Aplt. Opening Br. at 9. So even if this were a meritorious argument (and we expressly disavow any suggestion that it is), it could not serve as a basis for overturning *In re Latture* absent en banc reconsideration or a superseding Supreme Court decision. *Meyers*, 200 F.3d at 720. We therefore decline to discuss it further.

payment."); *see also Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 457 (2004) (Scalia, J., dissenting) ("The similarities between adversary proceedings in bankruptcy and federal civil litigation are striking.").

In sum, neither *Hamer* nor *Henderson* causes us to question the analysis or result in *In re Latture*. We therefore reject Mr. Robertson's invitation to overturn *In re Latture* and instead reaffirm that Rule 8002(a)(1)'s time limit is jurisdictional.

## C. Late-filed Rule 9023 motion did not toll the appeal period

As noted, Bankruptcy Rule 8002(b)(1) extends or tolls Rule 8002(a)(1)'s 14-day time period for filing a notice of appeal when certain motions, including a Rule 9023 motion, are *timely* filed, and a Rule 9023 motion must be filed "no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Mr. Robertson argues that Rule 9023's time limit is a claim-processing rule and therefore subject to waiver and forfeiture. He notes that the Bank did not contest whether his Rule 9023 motion was timely, either in the bankruptcy court or in merits briefing before the BAP, and that the bankruptcy court denied it on the merits. He further argues that while the bankruptcy court was entertaining the motion, there was no final judgment to appeal. Therefore, he posits, it was error for the BAP to consider timeliness of the Rule 9023 motion sua sponte and dismiss his appeal for lack of jurisdiction.

The Bank does not argue that Rule 9023's time limit is jurisdictional but urges that an untimely Rule 9023 motion cannot toll the time to file a notice of appeal even if the opposing party does not raise a timeliness objection to the bankruptcy court's consideration of the motion, and even if the bankruptcy court disposes of the motion

15

on the merits. For reasons that follow, we conclude that Rule 9023's time limit is a claim-processing rule, but an untimely Rule 9023 motion is ineffective to toll the time to appeal under Rule 8002(b)(1)(B) even if an opposing party does not object and the bankruptcy court disposes of it on the merits, and the BAP can, sua sponte, raise the timeliness of a Rule 9023 motion for purposes of determining its jurisdiction.

### 1. Rule 9023's time limit is a claim-processing rule

Rule 9023's time limit appears to be a claim-processing rule; the Bank has not suggested it has any statutory basis, and we are aware of none. *See United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (explaining that "*Bowles* . . . clarified that court-issued federal procedural rules not derived from statutes are not jurisdictional, but rather inflexible claim-processing rules"). But the parties have not cited any judicial decision directly on point, and the only case we have uncovered is *Dixon-Ross v. Hartwell (In re Dixon-Ross)*, No. 14-18608, 2016 WL 1056776, at *2–3 (E.D. Pa. Mar. 17, 2016) (unpublished), where the court compared Rule 9023 to Federal Rule of Civil Procedure 59(e) and held that the debtor forfeited a defense of untimeliness to the bankruptcy court's consideration of an untimely Rule 9023 motion by not raising that defense in a timely manner. We agree.

Analogizing from Rule 59(e) is proper because (1) Rule 9023 expressly states that, subject to exceptions not relevant here, "Rule 59 . . . applies in cases under the [Bankruptcy] Code," Fed. R. Bankr. P. 9023; and (2) like Rule 9023, Rule 59(e)

concerns the time limit (28 days) for filing a motion to alter or amend a judgment.[7] And all circuits that have considered the nature of Rule 59(e) in the wake of *Kontrick*, *Eberhart*, and *Bowles* have held that it is a claim-processing rule because it is untethered to any jurisdictional statute. *See Suber v. Lowes Home Ctrs., Inc.*, 609 F. App'x 615, 616 (11th Cir. 2015) (per curiam) ("Th[e] time limit for filing a Rule 59(e) motion is a claims-processing rule, not a jurisdictional rule, because it is not grounded in a statutory requirement." (internal quotation marks omitted)); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 584 (7th Cir. 2012) (concluding that Rule 59(e) is a "non-jurisdictional procedural rule[]" because it was "promulgated by the Supreme Court under the Rules Enabling Act, 28 U.S.C. §§ 2071–2077, and therefore 'do[es] not create or withdraw federal jurisdiction'" (quoting *Kontrick*, 540 U.S. at 453)); *Lizardo v. United States*, 619 F.3d 273, 277 (3d Cir. 2010) (same); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475 (6th Cir. 2007) (same); *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 562 (9th Cir. 2006) (concluding that "Rule 59 is . . . a claim-processing rule"); *cf. Wilburn v. Robinson*, 480 F.3d 1140, 1146 n.11 (D.C.

---

[7] The exceptions in Rule 9023 are found in (1) the rule itself, which provides that, in contrast to Rule 59(e)'s 28-day time limit, a Rule 9023 motion must be filed "no later than 14 days after entry of judgment," Fed. R. Bankr. P. 9023; and (2) Bankruptcy Rule 3008, which concerns motions for "reconsideration of an order allowing or disallowing a claim against the estate," Fed. R. Bankr. P. 3008. Neither exception is relevant to whether we may analogize from case law regarding Civil Rule 59(e) to determine if Rule 9023's time limit is jurisdictional.

Cir. 2007) (rejecting dissent's argument that Rule 60(b) is jurisdictional because parallel Rule 59(e) is jurisdictional).[8]

The reasoning of *In re Dixon-Ross* and our sister circuits with respect to Civil Rule 59(e) persuades us that Rule 9023 is a claim-processing rule, and a party can waive or forfeit a timeliness objection to the bankruptcy court's consideration of a Rule 9023 motion filed more than 14 days after entry of judgment. In this case, the Bank forfeited such an objection. But this does not resolve the more difficult question: Whether either an opposing party's waiver or forfeiture of an untimeliness

---

[8] In *Watson v. Ward*, 404 F.3d 1230, 1231 (10th Cir. 2005), this court granted a certificate of appealability on "[w]hether the district court had jurisdiction to grant Respondent's Rule 59 motion to alter or amend judgment," which had been filed well after what was then a 10-day time limit. We observed that "[w]ith admirable candor, Respondents concede that the district court lacked jurisdiction." *Id.* We then rejected an invitation to uphold the district court's ruling on the motion by treating it as if it was entered pursuant to Rule 60(b). *Id.* at 1232. But we provided little analysis of the jurisdictional issue, instead relying on (1) the appellees' concession that the district court lacked jurisdiction over an untimely Rule 59(e) motion, and (2) *Brock v. Citizens Bank of Clovis*, 841 F.2d 344 (10th Cir. 1988), which predated *Kontrick* and stated in summary fashion that a district court had "correctly denied relief on jurisdictional grounds" when it denied a Rule 59(e) motion as untimely, *id.* at 347–48. *See Watson*, 404 F.3d at 1231. And although *Watson* post-dates *Kontrick*, which acknowledged the distinction between jurisdictional and claim-processing provisions, it did not discuss *Kontrick*. Further, two panels of this court and one panel of the Tenth Circuit BAP have cited *Watson* in noting we have not yet decided if Rule 59(e) is jurisdictional or a claim-processing rule in light of *Kontrick* and its progeny. *See Martinez v. Carson*, 697 F.3d 1252, 1258 n.1 (10th Cir. 2012); *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 891 n.17 (10th Cir. 2012); *Onyeabor v. Centennial Pointe Prop. Owners' Assoc. (In re Onyeabor)*, BAP No. UT-14-047, 2015 WL 1726692, at *6 n.60 (B.A.P. 10th Cir. Apr. 15, 2015). None of those three cases decided the issue either. We therefore decline to base our analysis of Rule 9023 on *Watson*'s suggestion that a district court lacks jurisdiction to grant an untimely Rule 59 motion.

18

argument in the bankruptcy court, or the bankruptcy court's denial of a Rule 9023 motion on the merits, rather than for untimeliness, means the untimely Rule 9023 motion can, under Rule 8002(b)(1)(B), toll the appeal period and hence render timely an otherwise untimely notice of appeal. We now turn to that question.

### 2. An untimely Rule 9023 motion does not toll the appeal period

The parties cite no judicial decision resolving whether an untimely Rule 9023 motion can, under Rule 8002(b)(1)(B), toll the time period in which to file a notice of appeal to the BAP or a district court, and we have found none.[9] We therefore must resort to analogous tolling rules.

### a. Analogous tolling rules

Two procedural rules serve as proper analogues: Federal Rules of Appellate Procedure 4(a)(4)(A) and 6(b)(2)(A)(i).

Rule 4(a)(4)(A) provides for tolling the jurisdictional time limit for filing a notice of appeal from a district court to a circuit court found in 28 U.S.C. § 2107: "If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Rule 59(e) motions are among the tolling motions listed in

---

[9] Although *In re Dixon-Ross* held that a court has appellate "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration," 2016 WL 1056776, at *3 (internal quotation marks omitted), there is no indication that the notice of appeal in that case was untimely and no mention of Rule 8002(b)(1)(B).

Rule 4(a)(4)(A), *see* Fed. R. App. P. 4(a)(4)(A)(iv), and those "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e). As an Advisory Committee's note states, Rule 8002 "is an adaptation of [Appellate] Rule 4(a)," and Rule 8002(b) "is essentially the same as [Appellate] Rule 4(a)(4)." Fed. R. Bankr. P. 8002 advisory committee's note.

Similarly, Appellate Rule 6(b)(2)(A)(i) provides for tolling the jurisdictional time limit to file a notice of appeal to a circuit court from a decision by a BAP or a district court exercising appellate jurisdiction in a bankruptcy case:[10] "If a timely motion for rehearing under Bankruptcy Rule 8022 is filed, the time to appeal for all parties runs from the entry of the order disposing of the motion." Fed. R. App. P. 6(b)(2)(A)(i). Similar to time limits found in Civil Rule 59(e) and Bankruptcy Rule 9023, Bankruptcy Rule 8022(a)(1) has a time limit (14 days) for filing a motion for rehearing before a BAP or district court sitting in its appellate capacity, and Rule 8022(a)(1) is a nonjurisdictional claim-processing rule, *see Tal v. Harth (In re Harth)*, 619 F. App'x 719, 721 (10th Cir. 2015) (recognizing the BAP's "authority to overlook the untimeliness of a [Rule 8022] motion for rehearing on equitable grounds").[11]

---

[10] This time limit is jurisdictional. *See Taumoepeau v. Mfrs. & Traders Tr. Co. (In re Taumoepeau)*, 523 F.3d 1213, 1216 & n.1 (10th Cir. 2008) (jurisdictional timeliness requirement under § 2107 and Appellate Rule 4(a)(1) is applicable to bankruptcy appeals to circuit courts by virtue of Appellate Rule 6(b)(1) and Advisory Committee notes to Bankruptcy Rule 8001).

[11] We cite unpublished decisions only for their persuasive value consistent with 10th Cir. R. 32.1(A).

### b. Case law

Having established the relevant analogue rules, we turn to case law interpreting them. We start with *Browder v. Director, Department of Corrections*, where the Supreme Court held that an untimely post-judgment motion filed under either Civil Rule 52(b) or Rule 59 "could not toll the running of time to appeal under Rule 4(a)" and therefore the circuit court "lacked jurisdiction to review the [underlying order granting habeas relief]." 434 U.S. 257, 265 (1978). Before the district court, the opposing party had objected on timeliness grounds to the court's consideration of the motion, but that fact appears to have played no role in the Supreme Court's decision. Instead, the Court relied on what *Bowles* later confirmed—that § 2107(a)'s 30-day time limit for filing a notice of appeal in a civil case is "jurisdictional," *id.* at 264 (internal quotation marks omitted)—and on Rule 4(a)(4)(A)'s purpose, which is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands," *id.* (internal quotation marks omitted).

We next consider Chief Judge Sentelle's dissenting opinion in *Obaydullah v. Obama*, 688 F.3d 784 (D.C. Cir. 2012) (per curiam), and opinions from the First, Third, Fourth, Fifth, Seventh, and Eleventh Circuits, almost all of which post-date *Bowles* and follow *Browder*. These decisions further develop the rationale for the rule that untimely post-judgment motions cannot toll the period in which to file a

notice of appeal even where an opposing party does not object on timeliness grounds or the district court disposes of the motion on the merits.

In *Obaydullah*, the government did not oppose the district court's consideration of an untimely Rule 59(e) motion, which the court granted. Were it not for the tolling effect of that motion, Obaydullah's notice of appeal would have been untimely to appeal the underlying judgment. In determining that the untimely motion tolled the appeal period, the majority relied on circuit precedent to conclude that Rule 4(a)(4)(A)'s tolling provision for Rule 59(e) motions is a claim-processing rule, *id.* at 789, and therefore "the . . . waiver of any timeliness objection" to an untimely Rule 59(e) motion permits a court to consider an appeal from the underlying judgment, *id.* at 791. But in what we consider a persuasive dissent, Chief Judge Sentelle argued that "*Bowles* and *Browder* . . . should govern [the] case," *id.* at 800, pointing out that *Bowles* (1) "clarified that *Browder* . . . is good law," (2) "cited *Browder*'s treatment of time limits with approval," and (3) "explained that [the Court's] recent negative treatment of *Robinson*[12] and other cases, such as *Browder*, that relied on *Robinson* for the proposition that the time limit set for a notice of appeal is jurisdictional, was 'dicta,'" *id.* at 799 (quoting *Bowles*, 551 U.S. at 210 n.2). Judge Sentelle also likened allowing an untimely (and unobjected-to) Rule 59(e) motion to toll a jurisdictional appeal period to the "unique circumstances" doctrine

---

[12] *United States v. Robinson*, 361 U.S. 220 (1960).

22

the Supreme Court jettisoned in *Bowles*. *See id.* at 800 (internal quotation marks omitted).

We also find the Third Circuit's decision in *Lizardo v. United States*, 619 F.3d 273 (3d Cir. 2010), persuasive and instructive. In *Lizardo*, the government failed to object to a Rule 59(e) motion as untimely, and the district court denied it. The Third Circuit held that because Rule 59(e) is a claim-processing rule, the government had forfeited any timeliness objection it could have made in the district court, but it did not forfeit its objection for purposes of Rule 4(a)(4)(A). Relying primarily on *Browder*, the court held that "[a]n *untimely* Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A). This is true even if the party opposing the motion did not object to the motion's untimeliness and the district court considered the motion on the merits." *Id.* at 278. The court reasoned that "Rule 4's main purpose is 'to set a definite point of time when litigation shall be at an end,'" *id.* at 279 (quoting *Browder*, 434 U.S. at 264), and "[h]olding that an untimely Rule 59(e) motion is timely for purposes of Rule 4(a)(4)(A) by virtue of the opposing party's failure to object to that untimeliness in the district court would accomplish the opposite result," *id.* at 280.

In reaching the conclusion that untimely post-judgment motions cannot toll the period for filing a notice of appeal, the Fifth and Seventh Circuits have followed, *inter alia*, *Browder* and *Lizardo*. *See Overstreet v. Joint Facilities Mgmt., L.L.C. (In re Crescent Res., L.L.C.)*, 496 F. App'x 421, 424 (5th Cir. 2012) (per curiam) (holding that an untimely Rule 59(e) motion "will not toll the notice of appeal period,

23

even if the district court addressed the late-filed motion on the merits"); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582–85 (7th Cir. 2012) (concluding that, where opposing party had not objected to an impermissible extension of the deadline to file a post-trial motion, the district court had jurisdiction to hear those motions but they "did not toll the time [appellant] had to file its Notice of Appeal"). And in decisions pre-dating *Lizardo*, the First and Fourth Circuits have followed *Browder*. *See Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 8–11 (1st Cir. 2004) (concluding that under *Browder*, an untimely Rule 59(e) motion did not toll the appeal period even though the district court had denied it on the merits); *Panhorst v. United States*, 241 F.3d 367, 369–70 (4th Cir. 2001) (relying on *Browder* to hold that "[a]n *untimely* Rule 59(e) motion does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment order," where district court had granted motion to consider untimely Rule 59(e) motion then denied that motion). In another pre-*Lizardo* case, the Eleventh Circuit also reached the same conclusion, albeit without reliance on *Browder*. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1302 (11th Cir. 2010) (holding that "Appellate Rule 4(a)(4)(A) requires [post-judgment] motions be timely to toll the period for filing a notice of appeal," and explaining that "[a]lthough *Kontrick* and *Eberhart* suggest that a district court has jurisdiction to hear an out-of-time Rule 59(e) motion if the non-moving party does not object promptly enough (and thus forfeits his ability to object to timeliness later), neither case would turn an untimely Rule 59(e) motion into a timely one" (footnote omitted)).

24

Finally, we have applied *Browder* in a bankruptcy case with a procedural posture analogous to this case. In *In re Harth*, we concluded that an untimely motion for rehearing by the BAP filed under Bankruptcy Rule 8022, which the BAP denied on the merits after noting its untimeliness, did not toll the time limit to appeal to this court under Appellate Rule 6(b)(2)(A)(i). In support, we relied on *Browder*, explaining that although the BAP had "authority to overlook the untimeliness of a motion for rehearing on equitable grounds, that is a *separate matter* from whether the BAP affects our appellate jurisdiction by denying the untimely motion on the merits." 619 F. App'x at 721 (emphasis added). We said that whether the appellant was "entitled to tolling of the appeal period is itself a jurisdictional issue," and under *Bowles*, "courts have no authority to create equitable exceptions to jurisdictional requirements." *Id.* (brackets and internal quotation marks omitted). "We therefore agree[d] with those circuits holding that a lower court's discretionary election to deny an untimely post-judgment motion on the merits (an equitable action without jurisdictional import in that court) does not re-invest that motion with a tolling effect for purposes of appellate jurisdiction." *Id.* We consider *In re Harth*'s application of *Browder* in the bankruptcy context to be persuasive.

The Second, Sixth, Ninth, and D.C. Circuits have concluded that an untimely post-judgment motion can toll the appeal period under Appellate Rule 4(a)(4)(A). *See Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (per curiam); *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 312 (2d Cir. 2015); *Obaydullah*, 688 F.3d at 789; *Nat'l Ecological Found.*, 496 F.3d at 476. The Eighth Circuit has implied as much.

25

*See Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 619 (8th Cir. 2008).  However, we are more persuaded by the contrary view expressed in *Browder*, Chief Judge Sentelle's dissent in *Obaydullah*, and the other circuit decisions cited above.

Accordingly, we hold that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002(a) regardless of whether the bankruptcy court disposes of the motion on the merits or whether an opposing party raises in the bankruptcy court a timeliness objection to that court's consideration of the motion.  In the latter situation, holding otherwise would allow an opposing party's failure to raise a timeliness objection to expand the jurisdictional appeal period, and that would violate the tenet that "a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct."  *Kontrick*, 540 U.S. at 456; *see Bowles*, 551 U.S. at 213 (explaining that where an "error is one of jurisdictional magnitude, [a litigant] cannot rely on forfeiture or waiver to excuse his lack of compliance with [a] statute's time limitations [for filing a notice of appeal]").

### 3.  BAP had authority to consider, sua sponte, Rule 9023 motion's timeliness

Mr. Robertson complains that the BAP should not have considered the timeliness of his Rule 9023 motion sua sponte.  But given our reaffirmance that Rule 8002(a)(1)'s time limit is jurisdictional, we conclude that the BAP had authority to consider sua sponte whether Mr. Robertson's Rule 9023 motion was timely filed for purposes of determining whether the BAP had jurisdiction over his appeal.  *See*

*Henderson*, 562 U.S. at 434 ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.")

## IV.    Attorney fees

Included with its appellate brief, the Bank summarily requests "attorneys' fees on appeal pursuant to the final orders and judgments made by the Bankruptcy Court, the Utah State District Court and the Utah Court of Appeals based upon the loan documents entered into between the Bank and [Mr.] Robertson."  Aplee. Resp. Br. at 53–54.  The statute the Bank cites in support of its request authorizes a court to award attorney fees to the prevailing party "in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees."  Utah Code Ann. § 78B-5-826.

We deny the request without prejudice to the Bank filing a proper motion that complies with applicable procedural rules, including 10th Cir. R. 27 and 39.2, and that sets out more fully the legal basis for an award for attorney fees.  At a minimum, any such motion should (1) identify the "promissory note[s], written contract[s], or other writing[s] allow[ing] at least one party to recover attorney fees," Utah Code Ann. § 78B-5-826; (2) discuss whether an appeal from a BAP decision regarding an adversary proceeding is "a civil action" within the meaning of § 78B-5-826 and, if so, whether excepting from discharge a deficiency judgment in an adversary

27

proceeding means that the adversary proceeding is "based upon" the relevant "promissory note, written contract, or other writing," *id.*; and (3) identify any other Utah statutory or case law bearing on the Bank's entitlement to attorney fees in this appeal, *see, e.g.*, *Mgmt. Servs. Corp. v. Dev. Assocs.*, 617 P.2d 406, 409 (Utah 1980) (holding "that a provision for payment of attorney's fees in a contract includes attorney's fees incurred by the prevailing party on appeal as well as at trial, *if the action is brought to enforce the contract*" (emphasis added)).

## V.     Conclusion

We affirm the BAP's judgment dismissing Mr. Robertson's appeal for lack of jurisdiction.  We deny the Bank's request for attorney fees on appeal without prejudice to the Bank filing a proper motion for attorney fees.

Entered for the Court


Jerome A. Holmes
Circuit Judge

28